[L. A. No. 314. Department Two.—February 12, 1898.]

R. H. WARD, Appellant, v. MARIA DE OCA et al., Respondents. J. F. HUMPHREYS and IDA M. MATHEWS, Appellants.

MORTGAGES—FORECLOSURE—DEFICIENCY JUDGMENT—QUITCLAIM DEED FROM MORTGAGOR—NONLIABILITY TO MORTGAGEE—ASSUMPTION OF MORTGAGES BY SUBSEQUENT GRANTEES—LACK OF PRIVITY.—A quitclaim deed from the mortgagor of the mortgaged premises, in which no reference is made to the mortgages thereupon, imposes no personal liability to the mortgagee upon the person receiving it; and a subsequent deed of grant from him, reciting that the grantee did "assume and agree to pay" the mortgages, and another deed of grant from the grantee to another grantee containing a similar recital, do not create any privity between the subsequent grantees and the mortgagee, or impose upon them any personal liability to the mortgagee, nor can either of such subsequent grantees be subjected to a deficiency judgment upon foreclosure of the mortgages.

ID.—LIABILITY OF GRANTEE OF MORTGAGOR ASSUMING MORTGAGE DEBT—SURETYSHIP—LIMITS OF RULE—GRANTOR MUST BE LIABLE.—The right of a mortgagee to recover a deficiency judgment directly against the grantee of the mortgagor who has assumed to pay the mortgage debt, springs from the rule of equity that a creditor is entitled to the benefit of any obligations or securities given by his debtor to one who has become surety of such debtor, for the payment of the debt; but this principle is only applicable to a case where the grantor is personally liable for the mortgage debt, and does not apply where no such liability exists.

ID.—FINDINGS—ABSENCE OF NOTICE OF LIABILITY OF GRANTOR—ASSUMPTION OF LIABILITY AS TO LAND ONLY—LIABILITY OF GRANTOR AS AGENT OF MORTGAGEE IMMATERIAL.—Where the court found upon sufficient evidence that neither of the subsequent grantees had any notice at the time of his conveyance of any personal liability to the mortgagor of the person who received the quitclaim deed from him, and that it was not intended that either of such grantees should assume or pay the notes described in the mortgages, but merely that they should remain liable for the mortgages to the extent of the real estate only, the court was correct in not decreeing a deficiency judgment against such subsequent grantees, and it is immaterial that the person who received the quitclaim deed acted as agent for the mortgagee for the investment of his money in the agent's possession, or was involved in liability to the mortgagee growing out of the confidential relations between them.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Murphy & Gottschalk, for Plaintiff Appellant.

Bernard Potter, for Defendant Appellants.

Charles Cassat Davis, for Respondents de Oca.

Joseph H. Call, Jesse F. Waterman, and George W. Merrill, for Respondent Vickery.

McFARLAND, J.—This action was brought by the plaintiff, Ward, to foreclose certain mortgages executed by the defendant, Mathews, to the plaintiff to secure certain promissory notes given by Mathews to plaintiff, aggregating two thousand four hundred dollars. Maria de Oca and her husband, William Vickery, and J. F. Humphreys were made defendants, and a deficiency judgment was sought against them in the event that the proceeds of the sale of the mortgaged premises would not satisfy the mortgage debt, upon the theory that they were subsequent grantees of the mortgaged premises, and therefore liable for a deficiency judgment. Joseph Call and his wife were also made defendants, as claiming some interest in the premises; but they disclaimed and went out of the case. A decree of foreclosure in the usual form was entered, which provided for a deficiency judgment against defendants Mathews and Humphreys; but the court refused to decree a judgment against the defendants De Oca and Vickery. From this judgment the plaintiff and the defendants Humphreys and Mathews appeal, and also from an order denying their motion for a new trial. The ground of the appeal is, that the court should have entered the deficiency judgment against the respondents De Oca and Vickery.

The appellants, Mathews and Humphreys, filed answers admitting the truth of the averments of the complaint, and prayed that if the property should not sell for enough to pay the mortgage debt that a deficiency judgment should be rendered against the respondents De Oca and Vickery. Therefore, no question arises as to the correctness of the decree as against said two defendants; and the only question is whether or not the court erred in refusing to decree the deficiency judgment against the respondents De Oca and Vickery.

The facts as to the conveyances of the mortgaged premises between the parties are as follows: The mortgages were executed by Mathews to the plaintiff; Mathews afterward executed a quitclaim deed of the premises to Humphreys, in which deed there was no mention of the mortgages; afterward Humphreys conveyed the premises to the respondent, Maria de Oca (whose name was then La Pierce), and the deed of conveyance contained the recital that she did "assume and agree to pay" the said mortgages; afterward the respondent De Oca and her husband conveyed the premises to Vickery, and the conveyance contained a recital that it was "subject" to the mortgages, and that the grantee assumed and agreed to pay the same. These two last conveyances were in form statutory grant deeds.

It will be observed that upon the face of this line of conveyances Humphreys was not personally liable to pay to plaintiff the amount of the mortgage debt, and, consequently, neither was De Oca or Vickery so liable. There was some testimony to the point that Humphreys had orally assured Mathews that he would protect her from any personal liability on the notes and mortgages. The court found, and we think upon sufficient evidence, that when Humphreys conveyed to De Oca, "said De Oca had no notice at that time of any personal liability to pay said notes, or any of them, or any part of any of them; that it was not intended between the parties to said deed that the grantee, the said Maria Montes De Oca, should assume or agree to pay the said notes described in said mortgages, or any part thereof, or the mortgage indebtedness, nor was anything other intended by them than that the said real estate should remain liable for said mortgages, and that to the extent of the said real estate only should said defendant be liable thereon." A similar finding was made as to the deed from De Oca to Vickery. These being the facts, we think that the court was correct in not decreeing a deficiency judgment against De Oca and Vickery.

Of course, in the case at bar there was no privity of contract between the mortgagee, Ward, and the subsequent vendees of the mortgaged premises; there was no promise by the respondents to the plaintiff touching the mortgage debt. It is true that in certain cases a mortgagee in an action to foreclose his mortgage may

recover a deficiency judgment directly against the grantee of the mortgagor; but that right "springs from a well-known rule in equity that a creditor is entitled to the benefit of any obligations or securities given by his debtor to one who has become surety of such debtor for the payment of the debt." (*Hopkins v. Warner*, 109 Cal. 136, and cases there cited.)  This principle, however, is applicable only to a case where the mortgagor and grantor is himself personally liable for the mortgage debt.  The principle, with its limitation, is expressed in *Williams v. Naftzger*, 103 Cal. 438, as follows: "An agreement on the part of the grantee to pay and discharge a mortgage debt upon the granted premises, for which his grantor is liable, renders the grantee liable therefor to the mortgagee." (See, also, *Biddell v. Brizzolara*, 64 Cal. 354; *Keller v. Ashford*, 133 U. S. 610; *Willard v. Wood*, 135 U. S. 309; *National Bank v. Grand Lodge*, 98 U. S. 123.)  If the grantee of the mortgagor is not dealing with the latter upon the theory that the mortgagor is personally liable to the mortgagee for the mortgage debt, and the grantee does not put himself in a position which creates the relation between him and the mortgagor of principal and surety as to the debt, then a recital in the deed similar to those in the case at bar does not inure to the benefit of the mortgagee, and does not give him the right to a personal judgment against the grantee in a suit to foreclose.  In such a case the grantee makes no promise to and enters into no contract with the mortgagee; and when the grantor, the mortgagor, is not personally liable for the mortgage debt, the principle that "a creditor is entitled to the benefit of any obligations or securities given by his debtor to one who has become surety of such debtor for the payment of the debt" does not apply.  The subject is fully discussed in *Biddell v. Brizzolura*, 64 Cal. 354, and the authorities there cited; and the court there say: "Even where a rule has been established that the purchaser is bound by his promise as a promise made for the benefit of the mortgagee, it is still necessary that the grantor should be personally liable upon the mortgage, in order to render the grantee liable upon his covenant to the holder of the mortgage assumed." In the case at bar, Vickery, at the time he took his deed, was, through his attorney, expressly informed by Humphreys that he (Humphreys) was not

personally liable; and De Oca took her deed without any knowledge that Humphreys was personally liable, and understanding the fact to be—as it appeared on the face of the deed to him—that he was not so liable.

Under the foregoing views, it is not necessary to examine the points of respondent based upon the admitted facts that during the whole transaction Humphreys was the confidential agent of the plaintiff, Ward, for the collection and investment of the latter's money; that the land mortgaged was really the land of Humphreys, who had conveyed it to Mathews in order that the latter might execute the note and mortgage so that Humphreys' name would not appear therein, and that Humphreys was in fact borrowing his principal's money which he, Humphreys, then had on hand; and upon the asserted facts that the whole transaction was a scheme of Humphreys to retain the most of the money and compel some grantee of the premises to satisfy the mortgage debt. We are not concerned in this case with any liability of Humphreys to the plaintiff, growing out of the confidential relation between them.

The judgment and order appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.