[Civ. No. 1711. Fourth Appellate District.—July 1, 1935.]

J. A. MOTTASHED, Appellant, v. CENTRAL AND PACIFIC IMPROVEMENT CORPORATION (a California Corporation) et al., Defendants; R. H. RAPHAEL et al., Respondents.

Wheeler & Wackerbarth and Henry O. Wackerbarth for Appellant.

Harold M. Stern, Edgar C. Smith, and Loeb, Walker & Loeb for Respondents.

BARNARD, P. J.—This is an appeal on the judgment roll from a judgment rendered in favor of the respondents after their demurrers to the complaint were sustained.

The action was brought to foreclose a mortgage dated January 1, 1928, given to the appellant by the defendant Central and Pacific Improvement Corporation. The respondents were named as beneficiaries in a "declaration of trust", under the terms of which another defendant, Title Insurance and Trust Company, took title to the mortgaged premises, with the exception that two or three of them are assignees of original beneficiaries. In addition to foreclosing the mortgage, the complaint sought personal judgment against these respondents in proportion to their respective interests in the trust estate. This appeal concerns only the question as to the personal liability of these beneficiaries for the payment of any deficiency judgment.

The complaint alleges that the defendant title company executed a written declaration of trust relating to said premises, on July 14, 1915, which declaration was agreed to, confirmed and approved in writing by the beneficiaries named therein. Portions of the declaration of trust are set forth in the complaint, in which the title company, as trustee, acknowledges that it has received a deed to the property in question subject to a mortgage then outstanding, and in which it is stated that the consideration for the property had been paid by the beneficiaries in certain named proportions and including the following paragraphs:

"Now, Therefore, said Trustee hereby Certifies and Declares that it holds and will hold said real property for the purpose of renting, selling and conveying the same upon such terms and conditions as the said Trustee may deem best; . . . with power also to convey said property, to a Trustee for the purpose of executing a Mortgage, Deed of Trust or other hypothecation thereof as hereinafter provided. . . .

"If the funds in the hands of said Trustee belonging to this Trust are insufficient to pay, when due, the principal or inter-

est of. any Mortgage, Deed of Trust or other debt or incumbrances against the property covered by this Trust, or any taxes, insurance, assessment, lien or charge or expense necessary or proper for the preservation, maintenance or care of said property, or the title thereto, or the costs, charges and expenses of this Trust, then and in any such event each of the Beneficiaries hereunder does, by his approval of this Declaration, well and truly bind himself to pay his proper proportion thereof before the same becomes delinquent; . . .

"The Trustee reserves unto itself the right, and shall have the power, for the benefit of the Beneficiaries hereunder, to replace, renew or extend any debt or incumbrance upon the herein described property, when the same becomes due or at any time such replacement, renewal or extension may be, in the judgment of said Trustee, for the best interests of this Trust or necessary to protect the trust property, and upon such terms and upon such conditions and by such means of security as said Trustee may deem proper, including the right and power to convey the fee title to said property to such person or corporation as it shall select for the purpose of executing and delivering the necessary Notes, Mortgage, Deed of Trust or other hypothecation to evidence and secure such debt or debts and of reconveying said property to said Trustee subject thereto; and, when such reconveyance shall have been so made to said Trustee, the said Trustee shall thereupon be restored to its full estate hereunder; . . . "

The complaint then alleges that the title company conveyed the premises to the mortgagor, that the appellant executed a release of a preexisting mortgage, that the mortgagor executed the renewal note and mortgage here sued on which was recorded, and that the mortgagor then reconveyed the property to the title company.

The appellant contends that it expressly appears from the language used in the declaration of trust, wherein the beneficiaries agreed to pay to the trustee in the event the funds in its hands were insufficient therefor the amount of any mortgage or other debt and any taxes, assessments or other expenses before the same became delinquent, that an agreement to pay this mortgage was made for the benefit of the appellant, and that he was, therefore, entitled to a deficiency judgment against them.

Ordinarily in a true trust, which we have here, the beneficiaries are not liable for debts incurred by the trustees

(*Goldwater* v. *Oltman*, 210 Cal. 408 [292 Pac. 624, 71 A. L. R. 871]), and it has even been held that the authority given to a trustee to mortgage the property of a trust estate does not include the power to personally bind the beneficiaries for the payment of the money. (*Hall* v. *Jamison*, 151 Cal. 606 [91 Pac. 518, 121 Am. St. Rep. 137, 12 L. R. A. (N. S.) 1190].)

While a contract made expressly for the benefit of a third person may be enforced by him (Civ. Code, sec. 1559) liability for a deficiency judgment must always depend upon a promise to pay. (*Windt* v. *Covert*, 152 Cal. 350 [93 Pac. 67].) In deciding whether a promise to pay inures to the benefit of a third party the test is whether an intent so to benefit the third party appears from the terms of the contract. (*LeBallister* v. *Redwood Theatres, Inc.*, 1 Cal. App. (2d) 447 [36 Pac. (2d) 827].) The rule is well established that in order to sustain such an action an intent to make the obligation inure to the benefit of the third party must have been clearly manifested by the contracting parties. (*Wilson* v. *Shea*, 29 Cal. App. 788 [157 Pac. 543].) It has frequently been held that where a contract incidentally benefits a third person but is not expressly made for his benefit, he cannot recover thereon. (*Chung Kee* v. *Davidson*, 73 Cal. 522 [15 Pac. 100]; *Buckley* v. *Gray*, 110 Cal. 339 [42 Pac. 900, 52 Am. St. Rep. 88, 31 L. R. A. 862]; *Smith* v. *Anglo-California Trust Co.*, 205 Cal. 496 [271 Pac. 898]; *Ferguson* v. *Marsh*, 37 Cal. App. 482 [174 Pac. 678]; *Diggs* v. *Pacific Gas etc. Co.*, 57 Cal. App. 57 [206 Pac. 765].) In the Chung Kee case it was held that where it was agreed that the proceeds of a mine were to go to the defendants who were to pay the expenses of working the mine, the contract was only incidentally for the benefit of laborers who worked therein. In *Smith* v. *Anglo-California Trust Co.*, *supra*, it was held that the agreement of a loan company to advance money for certain building operations was incidentally but not expressly for the benefit of lien claimants. In *Ferguson* v. *Marsh*, *supra*, it was held that an agreement for hauling and to pay for the gasoline and oil used was not for the benefit of persons furnishing the oil. In *Diggs* v. *Pacific Gas etc. Co.*, *supra*, it was held that a contract to furnish water for irrigation was only incidentally for the benefit of the mortgagee of a growing crop.

Many of the cases where this rule is invoked involve a grantee of mortgaged property who had assumed and agreed

to pay the amount of the mortgage. In such a case it was held that an instrument by which a grantee agreed to hold the mortgagor harmless against an existing mortgage on the property indicated an intention to assume the debt. (*Hopkins* v. *Warner*, 109 Cal. 133 [41 Pac. 868].) The rule laid down in section 1559 of the Civil Code is based upon the equitable doctrine of subrogation on the general principle that a creditor is entitled to the benefit of anything held by his debtor, which the debtor has the right to use and enforce for the purpose of relieving himself from the payment of the debt. But where it is sought to hold a grantee on a promise to pay made to his grantor, it has usually been held that he is not liable unless the grantor was himself personally bound. (*Biddel* v. *Brizzolara*, 64 Cal. 354 [30 Pac. 609] ; *Ward* v. *De Oca*, 120 Cal. 102 [52 Pac. 130] ; *Andrews* v. *Robertson*, 177 Cal. 434 [170 Pac. 1129] ; *Case* v. *Egan*, 57 Cal. App. 453 [207 Pac. 388].) In *Ward* v. *De Oca, supra*, the court said:

"It is true that in certain cases a mortgagee in an action to foreclose his mortgage may recover a deficiency judgment directly against the grantee of the mortgagor; but that right 'springs from a well-known rule in equity that a creditor is entitled to the benefit of any obligations or securities given by his debtor to one who has become surety of such debtor for the payment of the debt'. (*Hopkins* v. *Warner*, 109 Cal. 133, 136 [41 Pac. 468], and cases there cited.) This principle, however, is applicable only to a case where the mortgagor and grantor is himself personally liable for the mortgage debt. The principle, with its limitation, is expressed in *Williams* v. *Naftzger*, 103 Cal. 438 [37 Pac. 411], as follows: 'An agreement on the part of the grantee to pay and discharge a mortgage debt upon the granted premises, for which his grantor is liable, renders the grantee liable therefor to the mortgagee.' (See, also, *Biddel* v. *Brizzolara*, 64 Cal. 354 [30 Pac. 609] ; *Keller* v. *Ashford*, 133 U. S. 610 [10 Sup. Ct. 494, 33 L. Ed. 667] ; *Willard* v. *Wood*, 135 U. S. 309 [10 Sup. Ct. 831, 34 L. Ed. 210] ; *Second National Bank* v. *Grand Lodge*, 98 U. S. 123 [25 L. Ed. 75].) If the grantee of the mortgagor is not dealing with the latter upon the theory that the mortgagor is personally liable to the mortgagee for the mortgage debt, and the grantee does not put himself in a position which creates the relation between him and the mortgagor of principal and surety as to the debt, then a recital in

the deed similar to those in the case at bar does not inure to the benefit of the mortgagee, and does not give him the right to a personal judgment against the grantee in a suit to foreclose. In such a case the grantee makes no promise to and enters into no contract with the mortgagee; and when the grantor, the mortgagor, is not personally liable for the mortgage debt, the principle that 'a creditor is entitled to the benefit of any obligations or securities given by his debtor to one who has become surety of such debtor for the payment of the debt' does not apply. The subject is fully discussed in *Biddel* v. *Brizzolara*, 64 Cal. 354 [30 Pac. 609], and the authorities there cited; and the court there say: 'Even where a rule has been established that the purchaser is bound by his promise as a promise made for the benefit of the mortgagee, it is still necessary that the grantor should be personally liable upon the mortgage, in order to render the grantee liable upon his covenant to the holder of the mortgage assumed.' ''

In *Case* v. *Egan, supra,* in considering the liability of the transferee of real property to the mortgagee, the court holds that under either section 1559 or 2854 of the Civil Code it is essential that the grantor of the property be personally liable for the debt before his grantee can be held liable to pay the mortgage and, after citing a number of cases, the court says:

''While some of these cases do not expressly decide the precise question presented here, we are of the opinion that it is the general doctrine of them all that where the grantor of real property is not personally liable for a mortgage debt, a stipulation in a deed from him to his grantee that said grantee shall pay, personally, the mortgage indebtedness will not be regarded in law or equity as a contract intended for the benefit of a third person within the meaning of section 1559 of the Civil Code, so as to entitle such third person to enforce the same.''

The appellant seems to contend that a different rule applies in the case of beneficiaries in such a trust as this, and relies particularly on the cases of *Davies* v. *Union Trust Co.,* 125 Cal. App. 593 [13 Pac. (2d) 961], and *Weidner* v. *Zieglar,* 218 Cal. 345 [23 Pac. (2d) 515]. In the first of those cases the trust company merely held the legal title and the beneficiaries, whom the plaintiff sought to hold, were in possession and management of the property, and this court held that

it sufficiently appeared from the facts therein that they had personally agreed to pay the debt which the plaintiff was trying to collect. The second case arose out of the same transaction and contains a similar holding.

The appellant argues that one of the express purposes for entering into this declaration of trust was the imposing of a personal liability upon the beneficiaries for the payment of any mortgage which might be made a lien upon the trust property, since it appears from the face of the declaration of trust that its express purposes were: 1. To hold title to the property; 2. To convey the same in the event of a sale; 3. To convey the same to a third person for the purpose of mortgaging the trust property; and 4. "To give additional security to the mortgagee of any mortgage against the trust property by creating an express promise on the part of the beneficiaries to pay the mortage debt in the event the funds in the hands of the trustee, belonging to said trust, were insufficient to pay same when due." We think it clearly appears from the language used in the declaration of trust that the trustee was holding the property for the purposes of renting, selling and conveying the same and that the power to convey the property to a third person in connection with renewing the mortgage was merely incidental to those express purposes. And further, that the promise to pay all debts, taxes and expenses, including any mortgage, was not only incidental to the real purposes of the trust but the same was intended to apply as between the beneficiaries and the trustee, was for the protection of the trustee, and, at most, was to relieve the trustee from any liability to make such payments. It is clear that the trustee did not desire to assume any such liability and that this provision was inserted in order to relieve the trustee of any blame in the event a mortgage was foreclosed, and to provide for funds in the event it was desired to keep the trust property as a going concern. So far as appears, the respondents were not personally liable on the mortgage then existing, and the instrument seems to have been carefully drawn to the end that in any renewal of the mortgage the trustee should assume no personal liability. It not only does not clearly appear that the beneficiaries intended to assume such a personal liability but the contract, as a whole, indicates that the promise of the beneficiaries to pay was intended to apply as between them and the trustee and that the same was

not made, expressly or otherwise, for the benefit of the mortgagee.

We are unable to see how this appellant is in any better position than is the mortgagee in the ordinary case where liability is sought to be imposed upon the grantee in a deed on the claim that he had agreed to pay the debt. The trustee, with whom the agreement to pay was made, was not personally bound; the beneficiaries were not grantees and were not in control of the management of the property, being only entitled to receive its ultimate proceeds, if any; and it seems clear that the intention of the parties was merely to protect the trustee, and that any benefit to the mortgagee was incidental and not directly intended. Under the rules laid down in the above cases and the principles on which those rules are based, we think it appears from the face of this instrument that the promise to pay, relied on, was not one made for the benefit of the appellant.

In those cases where such a right has been allowed the agreement was with a party who was himself liable and was really for his benefit in getting the debt paid, although this has been so extended as to be considered as expressly made for the benefit of a third person, under the theory of a subrogation or of a suretyship, as being a right possessed by the debtor to which the creditor was entitled. But where such an agreement is made with a party who is not himself liable, and where it is for his benefit in the way of limiting his duty but not in connection with getting the debt paid, it is difficult to see how, under existing rules, this can be considered as something done for the benefit of the creditor and thus changed into a direct obligation to him.

Serious abuses have arisen in connection with deficiency judgments and one can but wonder why a mortgage was ever taken, in many such cases, in view of the way the mortgagee later claims to have relied upon the personal security of the mortgagor after the value of the property has gone down. An attempt is here made to extend this personal liability a step farther than has ever been done before but, in our opinion, this promise to pay was for the benefit of the trustee exclusively and should not be tortured into one for the benefit of a creditor who was perfectly willing to loan to the mortgagor only, although he knew that the property was to be immediately transferred to a trustee who would not become liable

and who was to hold and manage the property for the benefit of others.

The judgment is affirmed.

Marks, J., and Harden, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1935.