[Civ. No. 16793.   Second Dist., Div. Two.   Feb. 1, 1949.]

CRAIG OF CALIFORNIA (a Corporation) et al., Respondents, v. ABE H. GREEN et al., Appellants.

ABE H. GREEN, Appellant, v. CRAIG OF CALIFORNIA (a Corporation) et al., Respondents.

Sturzenacker & Isenberg, Raymond Wallenstein and Walter Monarch for Appellants.

Gendel & Chichester for Respondents.

WILSON, J.—Respondents move to dismiss the appeal from the judgment on the ground that it is not a final judgment and therefore not appealable.

Plaintiffs Craig of California, a corporation, hereinafter referred to as "Craig," and Ella Groll, its sole stockholder, filed an action against defendants Green and Bleeck for declaratory relief. Defendants answered and Bleeck filed a cross-complaint against Craig and Groll on a promissory note made in favor of Green and assigned by him to Bleeck. Craig and Groll answered the cross-complaint. Green filed a separate action against Craig and Groll on a promissory note. They answered the complaint and set up affirmative defenses. The two actions were consolidated for the purpose of trial.

Judgment was rendered in the consolidated actions as follows:

1. In the action for declaratory relief (a) that plaintiffs Craig and Groll are entitled to an offset in the sum of $7,146.33 against any moneys found owing to Green and Bleeck; (b) that Craig and Groll are entitled to a further offset against any moneys found owing to Green or Bleeck covering reasonable attorneys' fees, expenses and costs incurred by Craig in defending its rights to use the name "Craig" in an action in the United States District Court wherein Litt & Company, Incorporated, is plaintiff and Craig is defendant; that $150 per day is a reasonable attorney's fee to be paid to the patent attorney employed by Craig to defend said action, and in the event special services are required of other attorneys for Craig in said action, then a reasonable amount of attorneys' fees to Craig and Groll shall be allowed; (c) that in the event an affirmative judgment is obtained by Litt & Company, Incorporated, in the action in the United States court against Craig the amount of such affirmative judgment shall be allowed as a further offset against any moneys owing by Craig or Groll to Green or Bleeck; that the court retains jurisdiction in the event of dispute to determine the full and final amount to be charged

to Green and to be credited to Craig and Groll in connection with said litigation, and further reserves jurisdiction, in the event the offsets prescribed in the judgment are in excess of the amounts found to be owing to Green or Bleeck upon the notes involved in the within litigation, to enter an affirmative judgment against Green for the total amount of such deficiency; (d) that in the event an affirmative judgment is obtained by the International Ladies' Garment Workers Union, Local No. 266, in a matter in which a hearing on claims is pending, then the amount of such affirmative judgment shall be allowed as a further offset against any moneys owing by Craig or Groll to Green or Bleeck, together with attorneys' fees, expenses and costs incurred by Craig in defending itself against the claims of the union, and in the event of an award in favor of the union against Craig then such award shall be allowed as a further offset against moneys found to be owing to Green or Bleeck, the court reserving jurisdiction in the event of a dispute to determine the exact amount of the offsets created by such allowances, and the court further reserving jurisdiction to declare an affirmative judgment against Green in the event there should be a deficiency between the total offset and the amounts allowed to Green and Bleeck on said promissory notes.

2. That Craig and Groll are indebted to Green and Bleeck in the total sum of $15,020.30, representing the two promissory notes sued on by Green and Bleeck for $7,333.80 and $7,186.50, respectively, and an allowance of $500 as reasonable attorneys' fees thereon; that when the offsets provided for in the judgment become final and it should appear that there is any balance owing to Green and Bleeck, then, from the date of such determination, interest at the rate of 6 per cent per annum shall be allowed on any balance so found owing to Green and Bleeck; that as against the total amount found owing by Craig and Groll to Green and Bleeck there is offset by the judgment, at its date, the liquidated amount of $7,146.33 and the contingent amounts declared and to be determined by the court pursuant to items (b), (c) and (d) of paragraph 1 of the judgment.

Green and Bleeck have appealed from the judgment excepting that portion of paragraph 2 which declares that Craig and Groll are indebted to Green and Bleeck on the two promissory notes therein mentioned and respondents have moved to dismiss that appeal.

The judgment is final only insofar as it (1) declares the amount of the indebtedness from Craig and Groll to Green and Bleeck on the two promissory notes, and (2) provides for an offset in the sum of $7,146.33 against that amount. The judgment declares that Craig and Groll are entitled to further offsets against the promissory notes in such amounts, undetermined by the judgment, as may accrue by reason of subdivisions (b), (c) and (d) of said paragraph 1.

The substance and effect of a decree and not its form determine whether it is interlocutory or final. When no issue is left for future decision except the fact of compliance or noncompliance with the judgment it is final, but if final adjudication is postponed awaiting further judicial determination of the rights of the parties the decree is interlocutory. (*Lyon* v. *Goss*, 19 Cal.2d 659, 670 [123 P.2d 11] ; *Bakewell* v. *Bakewell*, 21 Cal.2d 224, 227 [130 P.2d 975].) In the instant case, as in the Bakewell case, "the terms of the judgment disclose[s] that further judicial action on the part of the trial court must be had before all the rights of the parties can be fully determined." In *Western Gulf Oil Co.* v. *Title Ins. & Tr. Co.*, 77 Cal.App.2d 217 [175 P.2d 56], a declaratory judgment was sought and obtained that defendant was liable for certain costs under a contract and to recover the amount claimed to be due by reason thereof. The defendant appealed from the judgment declaring that the plaintiff was entitled to charge the defendant with the costs of dehydrating the oil involved in the contract. The court held that since a judgment from which the appeal had been taken determined only the issue as to the defendant's liability and other issues remained after such liability was found to exist, the judgment was interlocutory and nonappealable.

Since the court in the instant case reserved jurisdiction (1) to determine the amounts of any offsets, and (2) if the offsets should exceed the amount owing by Craig and Groll to Green and Bleeck on the promissory notes then to render an affirmative judgment against Green for the deficiency between the total offsets and the amount owing on the promissory note, the judgment is not a final adjudication of the respective claims of the parties each against the other. Upon ascertainment by the court of the amounts now uncertain and undetermined the ultimate money judgment may be in favor of Craig and Groll against Green. In any event, the amount owing by one party to the other will remain in doubt until the conclusion of the litigation between Craig and Litt & Com-

pany, Incorporated, and between Craig and the union and until the court adjudicates the precise amounts to be offset on account of the two proceedings.

In resisting the motion to dismiss the appeal Green and Bleeck contend that since the litigation with Litt & Company, Incorporated, and with the union is pending and is to be determined by other tribunals, and since the issues with reference thereto were not within the jurisdiction of the superior court, the latter was without jurisdiction to offset any judgments rendered in those matters against the amount found to be owing by Craig and Groll to Green and Bleeck. It is alleged in the pleadings and found by the court to be true that at the time of the sale of the capital stock of the corporation "Craig of California" by Green to Groll the former was well aware that Litt & Company, Incorporated, was claiming he had no right to the use of the name "Craig" in connection with the conduct of his business, that he concealed the contentions of Litt & Company, from the corporation and from Groll and warranted that the corporation was entitled to the exclusive right to use the name "Craig of California." It was further alleged and found by the court to be true that at the time of the sale Green was well aware of the claim of the International Ladies' Garment Workers Union, Local No. 266, that he was in default in his payments to the Vacation and Health Funds in an amount in excess of $3,100 and that he failed to reveal such information to Craig and Groll.

Since the liability of the corporation upon both the Litt and the union claims arose while Green was the owner of the business, and since a judgment in favor of either or both claimants against Craig will devolve upon Groll as its sole stockholder, Green's concealment of the pendency of such claims made it the duty of the trial court to reserve jurisdiction to offset against the promissory notes the amounts of any judgments Litt and the union might obtain.

Whether the corporation was liable at all on either of the two claims was undetermined at the time of the rendition of the judgment in this action, hence the court could not determine whether any offset at all should be made. For that reason the judgment, interlocutory in form, reserving jurisdiction to adjudicate matters which could not be determined at that time, was the only judgment that the court could have justly rendered. In this respect the action is analogous to a

partnership accounting case in which the court first determines whether or not the parties were partners and whether there should be an accounting. After rendering an interlocutory decree in the affirmative on both questions the court then takes evidence and renders a final judgment adjudicating the amounts to be charged and credited to each partner and enters a judgment against the one who has received more than his share of the partnership assets. *Bakewell* v. *Bakewell, supra,* 21 Cal.2d 224, is such a case. The court there pointed out that the judgment was interlocutory and not appealable although by one of its provisions the receiver was directed to pay a certain sum immediately to the plaintiff out of the assets of the receivership estate.

Since we now determine that the judgment appealed from by Green and Bleeck is interlocutory there can be no effort to enforce any of its provisions and all questions raised by this appeal can be rightfully adjudicated on an appeal from the final judgment.

Appellants complain that respondents did not make their motion to dismiss the appeal until after appellants had expended large sums of money in preparing a voluminous record and a lengthy brief. This fact does not prevent the dismissal of an appeal from a nonappealable judgment. It may be pointed out that the record and appellants' brief now on file may be used as far as applicable on an appeal from the final judgment in the event such an appeal should be taken, and that the same may be supplemented by such record and argument as may be necessary for the presentation of any further points which appellants may then desire to raise.

Appeal dismissed.

Moore, P. J., and McComb, J., concurred.