[Civ. No. 18178.  Second Dist., Div. One.  Aug. 6, 1951.]

HELEN L. BASORE, as Administratrix etc., Appellant, v. METROPOLITAN TRUST COMPANY (a Corporation), Respondent.

Bertram S. Harris for Appellant.

Burr & Smith and James G. Dempsey for Respondent.

WHITE, P. J.—Plaintiff has appealed from a judgment for defendant after trial before the court, sitting without a jury. The action was originally commenced by Howard E. Basore and Helen Basore individually, as the children and sole beneficiaries of Lucy M. Basore, deceased, but by appropriate order, Helen L. Basore, as the administratrix of the estate of said deceased, was substituted as plaintiff.

The action was brought to recover the sum of $2,886.18, representing the balance in the possession of defendant as successor trustee of the undistributed assets of Columbia Oil Producing Company, a corporation which had been dissolved by a decree of the Superior Court of the State of California in and for the County of Orange, on or about November 19, 1926. The question for decision is whether the issues involved in the present action are rendered res judicata by reason of a prior judgment against the decedent, Lucy M. Basore, in an action brought by her against the directors of the dissolved corporation and predecessor trustees of respondent. The trial court herein granted the motion of respondent, pursuant to section 597 of the Code of Civil Procedure, that the court first hear respondent on its defense of res judicata prior to considering other issues. After a hearing, the plea of res judicata was sustained and judgment entered for respondent.

Appellant's brief contains the following two points:

"A. The making and filing of the findings of fact and conclusions of law is the court's decision and amounts to the rendition of a judgment, which is not the judgment itself. The judgment is a separate order of the court.

"B. The opinion rendered by the trial court, orally or written, nor the findings and conclusions are not the adjudication unless they are carried into the judgment."

As near as can be ascertained from the foregoing propositions advanced by appellant, the contentions are, first, that since the judgment which is relied upon in support of the plea of res judicata merely adjudged that plaintiff's predecessor take nothing against the defendants, it does not appear on its face to be res judicata of the issues presented; and second, that resort may not be had to the findings or pleadings to discover what issues were determined by the former judgment. Consideration of the record discloses appellant's contentions to be without merit.

In support of its motion for judgment on its special defense, respondent introduced by reference the files of an action in the Superior Court of Los Angeles County, No. 476214, entitled *"Lucy M. Basore,* plaintiff, v. *Judson Hillman, et al.,* defendants,'' from which it appeared that in 1942 Lucy M. Basore filed a complaint against the last directors of Columbia Oil Producing Corporation, a dissolved corporation, as trustees of its undistributed assets, seeking to quiet title in plaintiff to the then remaining sum of $4,689.98, and also to have Lucy M. Basore appointed trustee of the fund. By affirmative defense to this action No. 476214 it was shown that on February 16, 1940, in the Superior Court of Los Angeles County, in action No. 445061, judgment was entered adjudging that plaintiff Lucy M. Basore was entitled to the proceeds of 150 shares of stock of the dissolved corporation; that pursuant to said judgment Lucy M. Basore surrendered the stock certificate representing said shares and received the sum of $752.81 in full payment of all her right, title or interest in said shares. The entire file in this latter case No. 445061 was introduced into evidence in the present cause.

In case No. 476214 the complaint of Lucy M. Basore presented the issue as to who was entitled to the undistributed cash of the dissolved corporation: (1) the known but unlocated shareholders, now totalling 934.5 shares, who had not yet received a liquidation payment; (2) Lucy M. Basore, who as heir of a predeceased brother had surrendered his 150 shares and received the correct liquidation payment, or (3) all of the holders of the outstanding 3,418,891.5 shares, less the unlocated holders of 934.5 shares. In case No. 476214 the court found that since Lucy M. Basore pursuant to judgment in case No. 445061 had received a proportionate share of the last remaining assets of the dissolved corporation, she was not entitled to receive any of the remaining fund; that said remaining fund was owned by the then known but unlocated stockholders who had not received their proportionate share in liquidation of the assets of the dissolved corporation. The court concluded that Lucy M. Basore had no right, title or interest in any stock of the corporation or in any fund or property whatsoever held by the directors or trustees; that certain listed persons had vested interests in the remaining funds, and that such vested interests ''cannot be divested by subsequent legislation such as Section 403d of the Civil Code; that such divesting would be in violation of the due process clauses of the Fourteenth Amendment to the Constitution of

the United States and of Article I, Section 13 of the Constitution of the State of California." It was thereupon adjudged that plaintiff, Lucy M. Basore, take nothing by her complaint.

The trial court herein found that the judgment in said action No. 476214, entered in 1942, had not been appealed from, nor set aside, modified or reversed, but remains in full force and effect.

It is plain from the foregoing that the issue of whether Lucy M. Basore should be awarded all or any part of the fund remaining in the hands of respondent trustee or its predecessors was finally determined against her on the merits in the prior action; and, as well, it was further determined that the fund was the property of other parties. The judgment in the prior action was binding upon her and upon her successors claiming under the same right. (Code Civ. Proc., § 1908; *Zaragosa* v. *Craven,* 33 Cal.2d 315, 317 [202 P.2d 73].)

It is admitted that the present defendant trustee is the successor in interest of the trustees named as defendants in the prior action, namely the members of the last board of directors of the dissolved corporation. The present plaintiff is the personal representative of the decedent who was the plaintiff in the prior action. "A judgment for or against a decedent is conclusive for or against his personal representative and those who succeed to his estate." (15 Cal.Jur. 202, § 225.)

No attempt is made by appellant to point out wherein the issues involved in her present action are any different from those involved in the previous action.

As was said in *Papineau* v. *Security First Nat. Bank,* 45 Cal.App.2d 690, 693 [114 P.2d 629], "Inasmuch, therefore, as the issue here presented was whether plaintiff had any interest in the trust, which was the same issue as was presented and adjudicated in the prior action, the decision there rendered forecloses any further inquiry on that issue."

And in *Steiner* v. *Thomas,* 94 Cal.App.2d 655 [211 P.2d 321], it was said (pp. 658, 659):

"It was correct procedure to try the issue of res judicata and to enter judgment against the plaintiff after the court had ascertained that the special plea was substantiated. (Code Civ. Proc., § 597.) . . . The documents offered as proof of the plea, included besides the file of 494, the files in the estate of Dorothea Thomas and in the termination of the joint

tenancy of Louis Henry Thomas, deceased. All such files were competent proof of a prior adjudication of the issue, raised by the fifth amended complaint. (*Olwell* v. *Hopkins*, 28 Cal.2d 147, 151 [168 P.2d 972].) . . .

. . . . . . . . . . . .

"The judgment therefore was correct in decreeing that 494 was res judicata of the instant action. (Code Civ. Proc., § 1908.) A judgment estops the plaintiff from maintaining a subsequent action between the same parties, not only as to the issues raised but also as to every other issue that might properly have been litigated. The estoppel is effective not only where the grounds for recovery in the first action are identical with those pleaded in the first which he failed to prove, *but he is likewise barred where he failed to allege those grounds in his first suit.* (*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 638 [134 P.2d 242]; *Sutphin* v. *Speik*, 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497]; *Slater* v. *Shell Oil Co.*, 58 Cal.App.2d 864, 868 [137 P.2d 713]; Rest. Law of Judgments, § 63a.)" (Italics added.)

██ A complete answer to appellant's apparent contention that the trial court could not consider the findings in ascertaining the issues determined by the prior judgment is found in the case of *Sutphin* v. *Speik*, 15 Cal.2d 195, 201 [99 P.2d 652, 101 P.2d 497], wherein the court said:

"It is clear from an examination of the findings and judgment therein that plaintiff was adjudged in the prior action to be entitled to his percentage of the production of any wells then drilled on the particular premises regardless of where the wells were bottomed, or the source of the oil delivered by them. *The suggestion made by the defendant that the 'judgment alone should be considered and the findings disregarded if outside the scope of the judgment' can have no force in view of the settled rule that the findings constitute the decision of the court.*" (Italics added.)

The instant action is one in which the parties were the same as in a former action in which a final judgment was rendered on the merits, save and except that appellant herein is the personal representative of the decedent, who was the plaintiff in the prior action. ██ As heretofore pointed out, a judgment in favor of or against a decedent is conclusive for or against his personal representative and those who succeed to his estate. The former action, therefore, constitutes a bar to the instant one which seeks to revive the issues settled in the first proceeding, or, at most, to raise issues that

might have been raised in the first action. In either event, the former judgment is res judicata in the present action. (*Olwell* v. *Hopkins*, 28 Cal.2d 147, 152 [168 P.2d 972].)

For the foregoing reasons, the judgment is affirmed.

Doran, J., and Drapeau, J., concurred.