[Civ. No. 6149. Fourth Dist. June 15, 1959.]

CLINTON C. CAMPBELL et al., Respondents, v. STANLEY N. NEIGHBORS et al., Defendants; HERBERT C. ARMSTRONG et al., Appellants.

Martin & Leedy, Gray, Cary, Ames & Frye and Sterling Hutcheson for Appellants.

Homer G. Clark for Respondents.

GRIFFIN, P. J.—Plaintiffs and respondents Clinton C. Campbell and wife filed this action on December 5, 1957, for declaratory relief against defendants Stanley N. Neighbors and wife, Robert W. Strouse and wife, Herbert C. Armstrong and wife, Margaret A. Hudson, Paul D. Dail and wife, and C. B. Martin, alleging generally that plaintiffs were the owners of certain real property in Yuma, Arizona; that on February 1, 1955, plaintiffs conveyed it to defendant Neighbors and wife, and as part of the consideration defendants executed and delivered to plaintiffs, as security, a second mortgage on the premises in the sum of $42,000, and as further security plaintiffs received a chattel mortgage covering all furniture and equipment on said premises; that thereafter, on July 10, 1955, defendants Neighbors conveyed said property to defendants Strouse and wife and as part of the consideration they assumed and agreed to pay said second mortgage above mentioned; that thereafter, on November 3, 1955, defendants Strouse and wife conveyed said property to defendants and appellants Armstrong and wife and as a part of the consideration they assumed and agreed to pay said second mortgage; that on February 20, 1957, defendants and appellants Armstrong and wife conveyed said property to defendant Hudson, and as a part of the consideration she assumed and agreed to pay said second mortgage; that on February 20, 1957, defendant Hudson conveyed the property to defendant Martin and as a part of the consideration he assumed and agreed to pay said second mortgage; that on April 5, 1955, plaintiffs purchased certain described real property in San Diego from defendants Dail and wife; that as part of the consideration plaintiffs assigned to them the second mortgage and chattel mortgage above described; that on May 27, 1957, the holders of the first mortgage on the Yuma property brought an action in Arizona to foreclose it, alleging a default and balance due of $31,240; that said property was to be sold on December 18, 1957, and they believed the property would not sell for a sufficient sum to pay for the first and second mortgages in full, thereby leaving a deficiency due on the second mortgage; that under the law of Arizona a deficiency judgment will lie after the

sale of real property under a purchase money mortgage; that the laws of California provide otherwise; that due to the apparent conflict a question of the construction of the applicable law as to the enforcement of the deficiency of said second mortgage, now in the hands of defendant Dail and wife, arises; that the other defendants are interested parties to said controversy in that they assumed payment of said second mortgage; that in the event the Superior Court of San Diego County determines that there existed the legal right to institute an action for said deficiency, there will be a personal liability by reason of said assumption of payment by defendants Martin, Hudson, Armstrong, Strouse and Neighbors, in. said order of priority, and would require a multiplicity of suits if said questions are not determined; that defendants Dail and wife intend to institute an action to recover from the plaintiffs the full amount due under the second mortgage prior to the foreclosure sale.

The prayer is for judgment declaring their respective rights and barring defendants Dail from asserting any claims against plaintiffs until the rights and liabilities of the defendants are determined and exhausted, or in the alternative, declare plaintiffs' rights and the liabilities of defendants, and that defendant Dail and wife have a right to a deficiency judgment after foreclosure, and that the enforcement of said right to a deficiency judgment be postponed until after foreclosure and sale of said real property under the first mortgage and that said liability be enforced in inverse order of assumption against the defendants named before proceeding against these plaintiffs. An amended complaint was later filed which elaborated in more detail these same general allegations.

Defendant Dail and wife denied the allegations of the complaint but admitted that said suit against plaintiffs in the nature of a direct action as guarantors of the note is contemplated.

Defendants and appellants Armstrong deny generally the allegations of plaintiffs' complaint and allege that no summons or complaint was ever served on them in any action brought in Arizona on foreclosure proceedings.

Defendants Neighbors denied generally all of the allegations of plaintiffs' complaint.

After trial the court found generally according to the allegations of the complaint in reference to the several conveyances *and the agreements to pay the second mortgage.* In the conclusions the court stated each grantee *did assume and agree*

*to pay the second mortgage*; that on May 27, 1957, the holders of the first mortgage on the real property in Arizona did institute an action to foreclose it, naming plaintiffs and defendants in this action as defendants; that a judgment was recovered foreclosing said mortgage and the real property was sold on December 18, 1957, to the highest bidder for $35,145.65, being the amount due on the first mortgage plus costs, etc.; and that there was no surplus to apply on the second mortgage; that there is now due on said second mortgage $38,-812.80, plus interest; and defendant Dail and wife have demanded payment of said sum from plaintiffs herein; that no evidence was offered in respect to the chattel mortgage and therefore the court found such allegations to be untrue; and that under the laws of Arizona a deficiency judgment may lie.

The court then specifically found that it had no jurisdiction to order the defendants Dail and wife to proceed against the other named defendants before proceeding against plaintiffs for the recovery of the sums due under the promissory note for which said second real estate mortgage was given as security. Judgment was entered that the Dails be not "enjoined or barred from asserting claims against plaintiffs, if any they have, until there having been a prior determination of the rights and liabilities of the defendants . . . or enjoined or barred from asserting said claims prior to the foreclosure of that certain chattel mortgage referred to in the findings of fact and conclusions of law." It further decreed that the court had no jurisdiction to order defendants Dail and wife to seek enforcements of any rights they might have against the plaintiffs unless and until they shall first proceed against the other named defendants, including appellants herein.

Defendants Armstrong and wife appealed from this judgment. They apparently claim that the judgment was interlocutory in character, did not in fact determine any rights of these appealing defendants; that they were not aggrieved by the judgment; and that if the finding entered endeavored to determine that the Armstrongs did in fact assume and agree to pay the second mortgage obligation over and above the security of the land itself such finding was not supported by the evidence, or if supported, the judgment entered upon such finding did not so indicate and accordingly any such finding was not binding on these appellants, citing such authority as *Ouzoonian* v. *Vaughan,* 64 Cal.App. 369 [221 P. 958]; *Estate of Funkenstein,* 170 Cal. 594 [150 P. 987];

*Albertson* v. *Raboff,* 46 Cal.2d 375 [295 P.2d 405] ; and *Rosenberg* v. *Knesboro,* 80 Cal.App.2d 36 [180 P.2d 750].

We conclude the dismissal of the appeal from the judgment here involved is in order. It is true the findings and conclusions recite that appellants assumed and agreed to pay said second mortgage, but the judgment makes no final disposition of the case insofar as it affects these appellants. Appellants claim they did not agree to assume or pay said second mortgage and would not want to be barred from raising that issue in a subsequent action based thereon. Even if it could be assumed that the court did find on that issue, it is not reflected in the judgment, as entered, for therein it was determined, in effect, that plaintiffs were not entitled to the relief sought; that the Dails should not be enjoined from asserting their claims against plaintiffs until the happening of certain events; and that the court held it had no jurisdiction to order the Dails not to seek enforcement of any rights until they proceeded against certain defendants, including appellants. The judgment seems to be interlocutory in character. (*Craig of California* v. *Green,* 89 Cal.App.2d 829 [202 P.2d 104]; *Ulrey* v. *Gillett,* 147 Cal.App.2d 621, 623 [305 P.2d 611]; *Scarbery* v. *Bill Patch Land & Water Co.,* 170 Cal. App.2d 368 [338 P.2d 916]; 28 Cal.Jur.2d, p. 625 [Judgments] § 9.) Accordingly, in its present state, it does not appear that the judgment would aggrieve these appealing defendants. (*Craig of California* v. *Green,* 89 Cal.App.2d 829 [202 P.2d 104]; *Record etc. Co.* v. *Pageman Hold. Corp.,* 132 Cal.App.2d 821 [283 P.2d 724]; *Maxwell Hardware Co.* v. *Foster,* 207 Cal. 167, 170 [277 P. 327]; *Neilsen* v. *Saylors,* 146 Cal.App.2d 139 [303 P.2d 781]; Code Civ. Proc., § 938.)

Appeal dismissed.

Mussell, J., and Shepard, J., concurred.