[Civ. No. 6437. Fourth Dist. Apr. 20, 1961.]

PAUL D. DAIL et al., Respondents, v. CLINTON C. CAMP-
BELL et al., Defendants; HERBERT C. ARMSTRONG
et al., Appellants.

Leedy & Kimball and Daniel C. Leedy for Appellants.

Oakes & Horton, Harry Horton, Jr., and Harry J. Ragen
for Respondents.

SHEPARD, J.—This is an appeal from a judgment in favor of plaintiffs Paul D. Dail and Violet W. Dail, hereinafter called "Dail," in the sum of $38,812.80, on account of an alleged deficiency after foreclosure of a purchase-price mortgage on lands in Arizona. Defendants Herbert C. Armstrong and Eva Young Armstrong, hereinafter called "Armstrong," are the sole appellants.

The facts as shown by the record before us are substantially as follows: January 10, 1955, in the State of Arizona, Clinton C. Campbell and Mary V. Campbell, hereinafter called "Campbell," sold real property in the State of Arizona to Stanley N. Neighbors and Betsy R. Neighbors, hereinafter called "Neighbors." The realty was then subject to a first mortgage in favor of Elizabeth Burrous and E. H. Tobias, hereinafter called "Burrous." On the same day, Neighbors executed a note and second mortgage to Campbell to secure an unpaid portion of the purchase price. The record before us does not show clearly just where the physical signing of the second mortgage took place. Neighbors' testimony indicates that some part of the transaction was handled through an escrow in San Diego. However, no copy of the mortgage was ever produced. The mortgage note in evidence shows it was dated at and payable at Yuma, Arizona, which was also the situs of the realty covered by the mortgage. The deed from Campbell to Neighbors was put in evidence by Armstrong. It shows acknowledgment before a notary in Yuma, Arizona. There was no testimony that the note and mortgage were executed in California.

The realty was next sold by Neighbors to Martha B. Neighbors, hereinafter called "Martha." There is no evidence that Martha ever assumed or agreed to pay either the first or second mortgage. Martha conveyed the realty to Robert W. Strouse and Shirley Jean Strouse, hereinafter called "Strouse." Strouse assumed both mortgages. Strouse conveyed the realty to Armstrong, who assumed both mortgages. Armstrong conveyed the realty to Margaret A. Hudson, who assumed both mortgages. Hudson conveyed the realty to C. B. Martin, who assumed both mortgages.

The escrow by which the sale from Strouse to Armstrong was consummated, was entered into and completed at San Diego, California. In preparing the escrow instructions the title clerk, without instruction from anyone, included a statement that buyers (Armstrong) "will assume two real property mortgages now of record." Both Armstrongs signed

these instructions after reading them. Prior to signing, no discussion whatever was had between any of the parties nor with the escrow clerk relative to the assumption clause above. The escrow instructions contained the approximate amount of each mortgage of record but did not otherwise identify them. However, the evidence does not show that there were any other mortgages of record than those hereinbefore referred to. The second mortgage was ultimately sold and assigned by Campbell to Dail.

May 27, 1957, Burrous, in Arizona, commenced an action to foreclose the first mortgage. December 18, 1957, after judgment in said first mortgage foreclosure, the realty was sold under execution sale on said judgment, leaving nothing to apply on said second mortgage. No personal service of summons was had in said first mortgage foreclosure, as to any of the defendants in the action here at bar.

On December 5, 1957, in the San Diego Superior Court, action No. 220558, Campbell brought action against all of the grantees hereinbefore named, alleging that each of said grantees had assumed and agreed to pay said second mortgage and, in general substance, alleged the other facts hereinbefore related; that Dail threatens action to recover from Campbell the second mortgage debt; and asking that enforcement be compelled in inverse order of assumption. By their original answer, Armstrong admitted assuming the mortgage but denied that it had been assumed by their predecessors in interest, to wit: Martha and Strouse. By an amended answer, they also deny assumption.

Dail has cited no evidence that Martha ever assumed or agreed to pay the mortgages here involved, or either of them, nor has our review of the entire record, including exhibits, clerk's transcript and reporter's transcript in both said action 220558 and the case here at bar, revealed any such evidence. In general effect the trial court in action 220558, rendered judgment that it had no jurisdiction to compel Dail to proceed against other named defendants in inverse order of their assumption, and refused the injunction prayed for. Armstrong appealed. This court held the judgment to be interlocutory in character, and dismissed the appeal. (*Campbell* v. *Neighbors*, 171 Cal.App.2d 326 [340 P.2d 11].)

June 17, 1958, Dail brought this action against all grantees hereinbefore named, alleging, *inter alia*, that all defendants did assume and agree to pay said second mortgage note. Armstrong denied the assumption of the second mortgage note

by the defendants or any of them, and set up separately the defense of section 580b of the Code of Civil Procedure, and by amendment set up separately the defense that the assumption agreement included in the escrow instructions as hereinbefore noted, was a mistake.

At the trial, there was received in evidence the original promissory note dated and payable in Yuma, Arizona, the deed from Campbell to Neighbors acknowledged by a notary at Yuma, Arizona, as hereinbefore noted, an exemplified copy of the first mortgage foreclosure proceedings in Arizona entitled *"Burrous* v. *Hughes,"* and the entire file in said action 220558. The receipt in evidence of clerk's and reporter's transcripts in 220558 were objected to, but not the exhibits. Demand and refusal of payment by defendant was, in effect, stipulated to. There was no evidence that Martha ever assumed or agreed to pay the second mortgage obligation.

The trial court found in general accord with most of the foregoing statement of facts, and that there was at that time due, owing and unpaid from Neighbors and Armstrong to Dail, the sum of $38,812.80 on said promissory note secured by said second mortgage, but also found that each of said grantees did assume and agree to pay said promissory note and second mortgage. It made no specific finding as to the defense of Code of Civil Procedure, section 580b, but inferentially, by its finding of the indebtedness against Armstrong, found against such defense.

Apparently Martha was dismissed prior to the close of the trial. Neighbors and Martha were represented by the same counsel and shortly after the commencement of the trial Neighbors and their counsel were excused from further attendance. At the close of plaintiff's case, Armstrong moved for nonsuit, which was denied. The findings recite the appearance of Martha, but no judgment was rendered against her. Apparently no summons was served on the other defendants, and judgment was rendered solely against Neighbors and Armstrong. Armstrong appeals.

Armstrong strongly urges several points of appeal, among which are the nonliability of a remote assuming grantee for a deficiency where a prior intermediate grantee was not liable; the applicability of the law of California respecting a deficiency on a purchase-money mortgage, the assumption of which was in California although the land was outside of California; and questions on the propriety of the receipt of

certain evidence and the exclusion of other offered evidence. However, we are satisfied that one of the points raised is completely decisive of the present appeal and that it is unnecessary to discuss the other points.

### OBLIGATION OF REMOTE GRANTEE ON ASSUMPTION OF MORTGAGE

Armstrong contends that judgment should have been rendered for the defendant Armstrong because the evidence was completely devoid of any showing that Martha had ever assumed or agreed to pay the mortgage. With this contention we are forced to agree.

It will be noted that this court, in *Campbell* v. *Neighbors, supra,* held that the judgment therein rendered was interlocutory in character. In this particular respect it therefore becomes the law of the case. (*Wicktor* v. *County of Los Angeles,* 177 Cal.App.2d 390, 395 [4] [2 Cal.Rptr. 352], and cases there cited.) The rule of res judicata can therefore have no application in the case here at bar, and the cases of *Sutphin* v. *Speik,* 15 Cal.2d 195 [99 P.2d 652, 101 P.2d 497], and *Basore* v. *Metropolitan Trust Co.,* 105 Cal.App.2d 834 [234 P.2d 296], cited by respondents, are not in point. ▮ An interlocutory judgment is not appealable, and is not a final adjudication of the parties' rights. Therefore when the final judgment between the parties is, in fact, rendered, all orders of an interlocutory character are, in effect, merged in the final judgment and may be reviewed on appeal from the final judgment. (Code Civ. Proc., § 956; *Sjoberg* v. *Hastorf,* 33 Cal.2d 116, 119 [5] [199 P.2d 668] ; *Kennedy* v. *Owen,* 85 Cal.App.2d 517, 519 [2] [193 P.2d 141] ; *Title Ins. & Trust Co.* v. *California Development Co.,* 159 Cal. 484, 487 [114 P. 838] ; *Scarbery* v. *Bill Patch Land & Water Co.,* 170 Cal.App.2d 368 [338 P.2d 916], final judgment, 184 Cal.App.2d 87 [7 Cal.Rptr. 408].)

It is clear from the foregoing that neither the findings nor the judgment in *Campbell* v. *Neighbors, supra,* may be treated as evidence in the case here at bar except insofar as such findings and judgment were supported by the evidence received in that case. Since in *Campbell* v. *Neighbors* there was a complete lack of any evidence whatsoever of the assumption of the mortgage debt by Martha, any finding that she did so assume is entirely without any force or effect and is not evidentiary in the present case. Since there was no evidence in the present case, either, that Martha had assumed the mort-

gage debt, any finding that she did assume was without support. No question of burden of proof is presented because Campbell, in 220558, and Dail in the present case, affirmatively alleged such assumption by Martha, and in both cases voluntarily assumed the burden of proof. In both cases that fact was denied by Armstrong. In the absence of any evidence thereon, the trial court was obligated to find the allegation of the complaint in that respect in both cases to be untrue. Respondents offer no argument nor authorities to the contrary.

 The rule has been firmly established in this state that where the grantor of real property has no personal liability for a mortgage debt, the assuming grantee is not himself personally liable to a prior grantor, nor does Civil Code, section 1559, apply. (*Case* v. *Egan,* 57 Cal.App. 453 [207 P. 388].) As was shown by *Biddel* v. *Brizzolara,* 64 Cal. 354 [30 P. 609], this rule has found recognition in other states of the Union from earliest times. That case cites judicial expressions to the same effect from England, Massachusetts, New Jersey, New York, and other states. As was said in *Ward* v. *De Oca,* 120 Cal. 102, 104-105 [52 P. 130]: "It is true that in certain cases a mortgagee in an action to foreclose his mortgage may recover a deficiency judgment directly against the grantee of the mortgagor; but that right 'springs from a well-known rule in equity that a creditor is entitled to the benefit of any obligations or securities given by his debtor to one who has become surety of such debtor for the payment of the debt.' [Citation.] This principle, however, is applicable only to a case where the mortgagor and grantor is himself personally liable for the mortgage debt."

The rule is again recognized in *Page* v. *W. W. Chase Co.,* 145 Cal. 578, 585 [79 P. 278], where the court in referring to the right of a deficiency judgment after sale of the mortgage premises, states: "If there is no personal liability on the part of his grantor, there can be no deficiency judgment rendered, and consequently the rule has no application."

In *Andrews* v. *Robertson,* 177 Cal. 434, 437 [170 P. 1129], in referring to the right of an original mortgagee as against a subsequent assuming grantee, the court says: "To give to any transaction between Lowell and Mann the effect of creating any personal liability on the part of Mann to the mortgagee for the mortgage debt, it was essential, of course, that there should have been such a personal liability on the part of Lowell."

In *Sherwood* v. *Lowell*, 34 Cal.App. 365 [167 P. 554], the rule is again repeated and explained. In *Mottashed* v. *Central & Pacific Improvement Corp.*, 8 Cal.App.2d 256, 261 [4] [47 P.2d 525], the rule is repeated and explained with approval. There is no suggestion that the law of Arizona is different in this respect and therefore no question of conflict of laws arises. Cases in which the California courts refused to apply the rule to lease agreements, such as *Hartman Ranch Co.* v. *Associated Oil Co.*, 10 Cal.2d 232, 245 [10] [73 P.2d 1163], differentiate the type of obligation involved under a lease but nevertheless continue to recognize the rule in its application to mortgages.

That California does not stand alone in its recognition of this rule is evidenced by many decisions from other states and by text writers. In 12 American Law Reports 1529, it is stated: "To entitle the mortgagee to a judgment against the grantee on the theory that he is entitled to the benefit of the collateral belonging to the grantor, who has become surety for the debt upon the grantee's assumption of it, the grantor must himself have been liable." (See also 37 Am.Jur. § 1009, p. 332; 59 C.J.S. 626, n. 7; and authorities there cited.)

 Plaintiffs having alleged and the trial court having found that Martha was a prior grantee and there being no evidence whatever that Martha ever assumed or agreed to pay the mortgage, there was no privity of personal obligation between the original mortgagee and Armstrong. Armstrong's motion for nonsuit should have been granted. The judgment against Armstrong is without evidentiary support. Since this is true, it is unnecessary to discuss other points raised by appellant Armstrong.

The judgment against Armstrong is reversed, and the trial court is directed to enter judgment that Dail take nothing as against Armstrong. The judgment in all other respects is affirmed. Armstrong will recover costs.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied May 17, 1961, and respondents' petition for a hearing by the Supreme Court was denied June 14, 1961. Traynor, J., was of the opinion that the petition should be granted.