[No. 9885.    Department Two. — June 1, 1888.]

JAMES M. THOMPSON, APPELLANT, v. GEORGE W. WHITE, RESPONDENT.

76 381
77 611

QUESTION AS TO THE SUFFICIENCY OF THE EVIDENCE, HOW PRESENTED. — If no motion for new trial is made, and the appeal from the judgment is not taken within sixty days from its rendition, the question of the sufficiency of the evidence to sustain the decision cannot be considered.

INTERLOCUTORY DECREE IN ACTIONS OTHER THAN PARTITION — INCONSISTENCY BETWEEN INTERLOCUTORY AND FINAL DECREE. — The interlocutory decree referred to in *Thompson* v. *White*, 63 Cal. 505, is the interlocutory decree known to the old equity practice. It is not conclusive, like an interlocutory decree in partition, but may be modified by the final decree.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The nature of the case is stated in the opinion rendered on the prior appeal, reported in 63 Cal. 505. The further facts are stated in the opinion.

*D. L. Smoot*, for Appellant.

*M. A. Wheaton*, for Respondent.

HAYNE, C. — This case was originally in the nineteenth district court. That court made certain findings of fact and an interlocutory decree therein, and referred the case to Gordon N. Mott, the court commissioner. This official made a report which was "confirmed" by Judge Cary of the superior court, the successor of the nineteenth district court; and the case then went to his successor, who made an order setting aside all the proceedings, upon the theory that there had been a mistrial, and that a case could not be tried by piecemeal by different judges, neither of whom had before him the evidence on which the other acted. Upon appeal, this order was reversed, and the cause was remanded "for further proceedings not inconsistent with this opinion." (63 Cal. 505.)

The case then came before Judge Maguire of the superior court, who had succeeded to the office, for "further proceedings." Neither party offered additional evidence, —the case being submitted upon the pleadings and papers on file, which included the interlocutory decree and the report of Commissioner Mott above mentioned. A final decree was rendered, from which the plaintiff appeals. The argument for the appellant ranges itself under two heads, which we will consider separately.

1. The learned counsel contends that "the decree of September 11, 1884 (which is the final decree), is erroneous in ascertaining an indebtedness of five thousand dollars from Thompson to White, *when the testimony taken by Commissioner Mott shows* that White, upon a fair statement of the account, is largely indebted to Thompson."

It is not entirely accurate, under our system, to say that the evidence does not justify a decree. The evident intention, however, is to say that the evidence does not justify the decision. But no motion for a new trial was made, and the appeal was not taken within sixty days from the rendition of the final decree, and hence no question of the sufficiency of the evidence can be considered, whether to justify the decree or the decision.

2. It is contended that the final decree is inconsistent with the interlocutory decree.

As a matter of course, whatever was decided on the former appeal has become the law of the case, and must govern on this appeal. The question is, whether it was there decided that the final decree cannot be inconsistent with the interlocutory one. And we do not think that it was. The court below had proceeded upon the theory that there could not be, under our system, such a thing as an interlocutory decree except in partition cases,—in other words, that the court had no power to make such a decree. All that was necessary for the appellate court to decide was, that the trial court had such power, and

that the proceedings should not be set aside as for want of power. And this is what we think it did decide, its language being, "there was no warrant for its vacation *upon the theory that it was beyond the power of the court to make.*"

It was not necessary for the court to say that the trial court could not on the final hearing modify the interlocutory decree as the law and the evidence might seem to require. And it did not say it. It was not even necessary for it to say what kind of interlocutory decree it referred to. The opinion is not entirely clear in this regard, but we think it sufficiently shows that the court referred to the interlocutory decree of the old equity practice. It could not have referred to the interlocutory decree established by our statutes in partition cases, because that kind of decree is itself appealable, and is not reviewable on appeal from the final decree; whereas the opinion says of the interlocutory decree, that it "is also reviewable on appeal from the final judgment." (63 Cal. 509.) And unless the court intended to evolve something entirely new (which cannot be supposed) it must have had reference to the interlocutory decree of the old equity practice. Its language is consistent with this idea. For it said that the intention of the codifiers was not "to abolish the power of a court of equity to pronounce what in equity was called an interlocutory decree or decretal order." And what is said with reference to new trials evidently refers to the findings of fact upon which the interlocutory decree rested, which findings had been set aside by the court below along with the decree resting upon them.

If this be the true interpretation of the opinion, it does not matter whether the final decree is inconsistent with the interlocutory one, or not. For under the old equity practice the interlocutory decree could be modified on the final hearing, as the law and the evidence should require. (*Fourniquet* v. *Perkins*, 16 How. 32.)

With reference to interlocutory decrees in partition, the rule would seem to be different; but that is because the statute so provides.

The foregoing covers all the points made. We therefore advise that the judgment be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.