**BUFORD et al. v. TOBACCO GROWERS' CO-OP. ASS'N et al.**

No. 3021.

Circuit Court of Appeals, Fourth Circuit.

July 11, 1930.

792

J. Crawford Biggs, of Raleigh, N. C. (Biggs & Broughton, of Raleigh, N. C., on the brief), for appellants.

H. S. Ward, of Washington, N. C., and W. T. Joyner, of Raleigh, N. C. (M. L. Corey, of Richmond, Va., and J. H. Pou, of Raleigh, N. C., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

PER CURIAM.

This is an appeal by counsel from an order of the District Judge refusing an allowance of counsel fees. Counsel represented certain members of the Tobacco Growers' Co-operative Association, and in the behalf of the latter asked that receivers be appointed for the association on the grounds of mismanagement and imminent insolvency. Receivers were appointed on their petition, and under the receivership the debts of the association have been paid and a fund of approximately $500,000 has been realized for distribution among the members. Petitioning counsel were appointed attorneys for the receivers, and allowances of $5,000 each have been made to them for services rendered as such. They have filed this petition, however, for an allowance for services rendered in bringing and prosecuting the suit in which the receivers were appointed, and ask the allowance on the ground that through their services a fund has been realized or preserved for the benefit of all of the members of the association, and that they should be compensated from the fund for such services. The learned District Judge has denied their petition in the exercise of his discretion without, however, finding the facts upon which this exercise of discretion is based; and we cannot tell from the record before us whether he thought that petitioners were not entitled to fees for bringing and prosecuting the suit because same was opposed by other members

of the association, or that the services of petitioners did not result in benefit to members other than their clients, or that the allowance as counsel for the receivers, being paid out of the same fund, was intended to be in full compensation of all services rendered in connection with the suit.

[1, 2] There can be no doubt that in a case where counsel for complainants, who sue as representatives of a class, succeed in recovering or preserving a fund which is brought into the custody of the court and inures to the benefit of the class, such counsel are entitled to reasonable compensation for their services to be paid to them out of the fund. Central R. & Bkg. Co. v. Pettus, 113 U. S. 116, 5 S. Ct. 387, 28 L. Ed. 915; Trustees of Internal Improvement Co. v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Carbon Steel Co. v. Slayback (C. C. A. 4th) 31 F. (2d) 702; Muskegon Boiler Works v. Tenn. Ry. Co. (D. C.) 274 F. 836. And in this case, where counsel representing members of an association have brought and prosecuted a suit in which a receiver has been appointed and assets have been preserved which have paid off all of the association's debts and created a fund which will be disbursed among all of the members, they are entitled to be compensated out of the fund for their services in bringing and prosecuting the suit, if the court is of the opinion that its institution really benefited the members. And this is true even though a large percentage of the members may have opposed the suit. In other words, if the class of persons among whom the fund will be distributed has been benefited by the suit, it makes no difference that some of them may have contested it; for it is the benefit conferred, and not the fact that all of the beneficiaries may have agreed as to what was beneficial, that entitles counsel to compensation.

On the other hand, the amount of compensation is a matter resting within the sound discretion of the District Judge, who has better opportunity than this court can possibly have to judge of the extent and value of the services rendered; and, if he intended the $15,000 allowance to petitioning counsel to compensate them for services rendered in bringing and prosecuting the suit as well as for services rendered the receivers, we are not disposed to interfere with such exercise of discretion on his part.

The case will be remanded, therefore, with direction that the learned District Judge find the facts and make such further orders in the case as may be appropriate in view of

the principles herein set forth. If the allowances made to counsel as attorneys for the receivers were intended to cover services rendered in the institution and prosecution of the suit, he will so find. If not so intended, and if he is of opinion that the institution of the suit was beneficial to the members of the association and resulted in the preservation of a fund for their benefit, he will make such allowances to petitioners as will reasonably compensate them for their services, to be paid to them out of the fund now in the hands of the receivers. The costs on this appeal will be equally divided.

Remanded.