[Civ. No. 16957. Second Dist., Div. Three. Nov. 28, 1949.]

DELORES SOLORZA, Appellant, v. PARK WATER COMPANY (a Corporation) et al., Respondents.

Manuel Ruiz, Jr., for Appellant.

Paul Overton for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment for defendants in a derivative suit on behalf of shareholders of a mtual water company to rescind a sale of all of its assets.

On October 18, 1946, an interlocutory decree was rendered in the action which adjudged:

"1. That the sale and transfer of the assets and property of Mutual Water Company of El Jardin Tracts to Park Water Company be rescinded upon condition that within sixty (60) days from date of entry of this interlocutory judgment the sum of $4,300.00 plus all moneys expended by said Park Water Company for improvements and additions to and upon said properties of said Mutual Water Company of El Jardin Tracts be paid to said Park Water Company.

"2. Upon such payment, said Park Water Company shall account to said Mutual Water Company of El Jardin Tracts

for the profits, if any, made by said Park Water Company during the time said properties have been in its possession and under its operation.

"3. Plaintiff to recover $2,000.00, as and for attorney's fees expended in the prosecution of this action. Said sum of $2,000.00 may be deducted from the amount required hereunder to be paid by said Mutual Water Company of El Jardin Tracts to said Park Water Company.

"4. Upon compliance with the conditions hereinabove set out, defendants Park Water Company and H. H. Wheeler shall restore to said Mutual Water Company of El Jardin Tracts all property and assets of said mutual water company coming into their, or either of their, possession, together with any additions and improvements thereto acquired or constructed during the time in which said properties were in their, or either of their, possession, control and operation.

"5. Upon compliance with the conditions hereinabove set out, final judgment of rescission shall be entered herein."

Plaintiff moved for a new trial, which motion came on for hearing on November 27, 1946, at which time the court made an order, the pertinent parts of which were: ". . . said motion is by the Court submitted. Counsel for plaintiff is granted leave, pursuant to Section 662 C.C.P., to present proposed amendments to Findings of Facts and Interlocutory Judgment, and to reopen case for further testimony, and to submit authority in re attorney fee."

On March 17, 1947, notwithstanding the order of November 27, 1946, a final judgment was rendered, in which reference was made to the provision in the interlocutory decree providing that plaintiff was entitled to a judgment rescinding the sale upon the conditions there stated and which adjudged that plaintiff take nothing, that the dissolution of Mutual Water Company of El Jardin Tracts was null and void, and "That plaintiff have and recover out of any fund in the hands of said Mutual Water Company of El Jardin Tracts arising or resulting from this action, the sum of $2,000.00, together with his costs herein, in the sum of $286.90."

On appeal by the plaintiff the final judgment was reversed and the cause remanded "with directions to the court below to afford appellants 60 days from and after the remittitur is lodged therein, within which to comply with the terms of the interlocutory judgment entered herein, and thereafter to enter an appropriate final judgment, based upon appellants making or refusal to make restoration in compliance with the

interlocutory judgment.'' (*Solorza* v. *Park Water Co.*, 86 Cal.App.2d 653, 664 [195 P.2d 523].)

On November 18, 1948, the plaintiff not having made restoration in compliance with the interlocutory decree, a new judgment was rendered that plaintiff take nothing and that the dissolution was null and void. This final judgment did not include the provision in the interlocutory decree that plaintiff recover $2,000 for attorney's fees expended in the prosecution of the action. The plaintiff appeals from the latter judgment.

Appellant claims that the court erred in omitting to incorporate the award of attorney's fees in the final judgment of November 18, 1948. ■ An interlocutory decree is distinguished from a final decree in that it is not a final and conclusive determination of the rights of the parties, but may be changed or modified as the law and evidence require except in partition and divorce cases. (*Thompson* v. *White*, 76 Cal. 381, 383 [18 P. 399]; *Hughes* v. *DeMund*, 96 Cal.App. 365, 368 [274 P. 405]; *McAllen* v. *Souza*, 24 Cal.App.2d 247, 250 [74 P.2d 853]; Anno.: 169 A.L.R. 121; *cf. Los Angeles A. T. Co.* v. *Superior Court*, 94 Cal.App. 433 [271 P. 363].) The court had the power, therefore, to modify the interlocutory decree as the law and evidence required.

■ In *Winslow* v. *Harold G. Ferguson Corp.*, 25 Cal.2d 274 [153 P.2d 714], the following pertinent principles of equity jurisprudence were stated, page 277: ''It is a well-established doctrine of equity jurisprudence that where a common fund exists to which a number of persons are entitled and in their interest successful litigation is maintained for its preservation and protection, an allowance of counsel fees may properly be made from such fund. By this means *all* of the beneficiaries of the fund pay their share of the expense necessary to make it available to them. (14 Am.Jur. § 74, p. 47; *Trustees of Int. Imp. Fund* v. *Greenough*, 105 U.S. 527 [26 L.Ed. 1157]; *Estate of Marré*, 18 Cal.2d 191 [114 P.2d 591]; see, also, notes 49 A.L.R. 1149; 107 A.L.R. 749].) . . . [P. 284.] Where a lawyer has rendered such valuable service as to make available a fund for a class, even though he appeared for only one claimant, it is equitable that his compensation and expenses should come from the entire fund saved for all classes concerned before it is distributed. (*Sprague* v. *Ticonic Nat. Bank*, 307 U.S. 161 [59 S.Ct. 777, 83 L.Ed. 1184].) Counsel's right to compensation under such circumstances arises from the benefit conferred upon those who would have

suffered loss but for his timely intervention, and not by reason of an agreement to pay his fees. (*Buford* v. *Tobacco Growers' Co-op. Assn.*, 42 F.2d 791.) ''

The principles quoted from the Winslow case are the only possible basis for an award of attorney's fees in a suit of this nature. Unless specifically provided by statute, or by express or implied agreement of the parties, a party to an action is not entitled to recover attorney's fees. (Code Civ. Proc., § 1021.) There is neither statutory authority nor agreement for an award of attorney's fees in the present case.

 The provision of the interlocutory decree awarding attorney's fees to appellant was no doubt predicated on the foregoing principles of equity in the belief that plaintiff would afford himself of the condition specified therein and that as a result of the efforts of plaintiff property would be made available for the shareholders in whose behalf he instituted the suit. Appellant did not exercise the right given him by the interlocutory decree and consequently no fund or property was made available to the shareholders through his efforts. It was, therefore, proper for the court in rendering the final judgment to exclude the award of attorney's fees therefrom.

 Appellant asks us to review the points made by him on the former appeal. This we cannot do. The decision on the former appeal is the law of the case. (*Sears* v. *Rule*, 27 Cal.2d 131, 136 [163 P.2d 443].)

Affirmed.

Shinn, P. J., and Wood, J., concurred.