[Civ. No. 21764.   Second Dist., Div. Three.   Jan. 16, 1957.]

WRENA ULREY, Appellant, v. GLENN D. GILLETT, Respondent.

RAY D. ULREY, Appellant, v. GLENN D. GILLETT, Respondent.

Charles Watkins and George R. Maury for Appellants.

Zimmerman, Kelly & Thody and W. Alan Thody for Respondent.

VALLÉE, J.—Appeals by plaintiffs from identical orders made in two actions appointing a referee to take an accounting, and directing plaintiff Wrena Ulrey to mark "cancelled" and transfer to defendant three promissory notes signed by defendant in her favor. The appeals involve the same questions and will be determined in one opinion. Defendant contends the order is not appealable. We agree.

In November 1953 plaintiffs were partners operating a retail electrical motor sales and service business under the name "Ray Ulrey Electric Motors." At that time plaintiffs and defendant entered into an agreement to be effective January 18, 1954, whereby plaintiff Wrena Ulrey withdrew from the partnership and a new partnership was formed between plaintiff Ray Ulrey and defendant. Defendant paid $5,000 to the Ulreys and executed three promissory notes to plaintiff Wrena Ulrey dated January 18, 1954, each in the amount of $5,000 with interest at 5 per cent, payable January 18, 1955, January 18, 1956, and January 18, 1957.

Plaintiffs operated the business until January 16, 1954, when the new partnership took over. By June of 1954 differences had arisen between plaintiff Ray Ulrey and defendant, and that partnership was terminated. The present litigation ensued.

Plaintiff Wrena Ulrey brought an action against defendant on the three promissory notes. Plaintiff Ray Ulrey brought a separate action against defendant for money allegedly due under a contract of sale of his half interest in the Ulrey-Gillett partnership on the dissolution of the partnership. Defendant's answer to plaintiff Wrena Ulrey's complaint pleaded lack of consideration; fraud; rescission; and mistake, inadvertence, and neglect in omitting a provision from the agreement relative to the manner of paying the promissory notes from his share of the profits from the new partnership. Defendant filed in each action a cross-complaint for money allegedly due from plaintiffs, naming both plaintiffs as cross-defendants; and in his amended cross-complaint filed in plaintiff Ray Ulrey's action he also prayed for an accounting of the business when plaintiffs were partners and when he and plaintiff Ray Ulrey were partners. The two actions were consolidated for trial.

After submission, identical memorandum opinions were filed by the court in each action. These were followed by identical minute entries in each action appointing a referee to take an accounting and stating:

"That Mrs. Ulrey is hereby ORDERED to transfer over, marked cancelled, unto Mr. Gillett, the three promissory notes, dated January 18, 1954, signed by Glenn D. Gillett, in favor of Wrena M. Ulrey, each in the amount of Five Thousand Dollars, and due, respectively, on January 18, 1955, January 18, 1956, and January 18, 1957."

No findings of fact or conclusions of law were made and no judgment has been rendered in either action.

Although plaintiffs appeal from the entire minute order, they contend only the quoted part thereof is appealable. (See *Berry* v. *Berry*, 140 Cal.App.2d 50, 61 [294 P.2d 757].) They say that part of the order is final.

An appeal does not lie from an interlocutory or intermediate order unless it be designated by statute as one of those from which an appeal may be taken. (*Title Ins. & Trust Co.* v. *California Dev. Co.*, 159 Cal. 484, 486 [114 P. 838].)

If an order be in its nature such as to be subject, before enforcement or execution, to the further action of the court, either by decree or later order, the order complained of is not final and review must be sought by appeal from the decree or order subsequently entered. (*Berry* v. *Berry*, 140 Cal.App.2d 50, 61 [294 P.2d 757].)

A judgment is final "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." (*Doudell* v. *Shoo*, 159 Cal. 448, 453 [114 P. 579]; *David* v. *Goodman*, 89 Cal.App.2d 162, 165 [200 P.2d 568].)

From the tenor of the memorandum opinion and from the order itself it is evident the trial judge intended that the order should be only interlocutory. In the memorandum opinion, which is part of the record on appeal (Rules on Appeal, rule 5a; 36 Cal.2d 1, 5), the trial judge stated that the contract entered into between plaintiffs and defendant was for the sale of a half interest in a partnership; plaintiff Ray Ulrey agreed to contribute a sum equivalent to $17,500 by placing in the partnership assets from the Ray Ulrey Electric Motors partnership in that amount; the assets which plaintiff Ray Ulrey turned over after taking out certain property equaled only $21,000, therefore his half share was only $10,500;

defendant owned at least $10,500 of these assets by virtue of the $20,000 he had paid for them by cash and notes; defendant was to put in $17,500; the assets to be turned over were to be taken at book value; the value placed on the assets by plaintiff Ray Ulrey in determining the book value probably was not correct—it appeared to be in excess of $4,000; between November 9, 1953, and January 16, 1954, plaintiffs operated the business and sold items out of stock which should have been but were not replaced or accounted for; plaintiff Ray Ulrey should account for sums paid to "informers"; many collections made by defendant on sales should have been received by the partnership and many should have been received by him alone; "hence it is going to be necessary, to get a complete detail, to appoint an accountant-referee to trace the items of Electric Motors from, say, the 1st of November onwards." ▮ The judge concluded: "If we take the position that Gillett is stuck with the business and hence owes Ulrey $12,500.00 for his share, there must yet be offset against that amount the four thousand odd dollars excess valuation Ulrey placed on certain assets which he put in the business and which he had no right to put in the business as he was only to put in $17,500.00 in assets, and not some $21,000.00 and then draw down from the business in cash the difference and these offsets which Gillett would, therefore, have as against the $12,500.00 payable by him, will be reduced by that $4,000.00 and by a good many other items, I am sure, and hence it is quite possible that he will wind up owing nothing, or certainly less than $6,000.00. As Gillett paid $5,000.00 in cash to the Ulreys, he is entitled to offset against that anything that he may be owing and to have his notes for $15,000.00 cancelled. *From the foregoing it is apparent that the Court is of the view that before it can enter a judgment it is necessary that there be an accounting.*" (Italics added.)

The accounting period is to begin November 1, 1953, before the date of the contract between plaintiffs and defendant. Defendant's defenses to plaintiff Wrena Ulrey's action are dependent on the accounting.

▮ A minute entry made shortly after trial by a judge is merely evidence of the intention of the court as to its decision—the finding of fact and conclusion of law he intends to ultimately make. (*Bastajian* v. *Brown,* 19 Cal.2d 209, 215 [120 P.2d 9].) ▮ So here, the part of the order challenged is merely an expression of the trial judge as to the

decision he ultimately intends to make on one phase of the case. It is not the decision or judgment of the court. It is not binding on the court and it is not binding on plaintiff Wrena Ulrey. (*Reimer* v. *Firpo*, 94 Cal.App.2d 798, 800 [212 P.2d 23].)

We reach the conclusion that the minute entry is an interlocutory order from a study of the extensive pleadings and the lengthy memorandum of the trial judge, from which it appears that it was not the intention of the court to render a judgment in either action until it was in a position to finally settle the entire controversy between all the parties. The order is not appealable.

The appeal in each action is dismissed.

Shinn, P. J., and Wood (Parker), J., concurred.