[Civ. No. 5899.   Fourth Dist.   May 14, 1959.]

DORACE E. SCARBERY et al., Appellants, v. BILL PATCH LAND AND WATER COMPANY (a Corporation) et al., Respondents.

Charles E. Burch, Jr., and John B. Gregory for Appellants.

Swing, Scharnikow & Staniforth, C. H. Scharnikow and Douglas R. Woodworth for Respondents.

MUSSELL, J.—This is an action for declaratory relief, to quiet title, and for a judgment declaring that all rights of the defendants arising out of a ''lease and option to buy'' have been terminated and canceled by reason of their failure to perform the conditions and covenants therein to be performed by them. (The corporate and individual defendants are hereinafter referred to as ''defendant.'')

The trial court found that the purpose of the ''lease and option to buy'' was to ultimately effect the sale and transfer by the plaintiffs to the defendant of ranch property in San Diego County. The court further found that plaintiffs had fully performed the agreement on their part and that defendant in its performance of said agreement had paid to and for the benefit of plaintiffs certain sums of money, had conveyed certain real property to them, and had performed certain other acts in accordance with the agreement; that the defendant had defaulted in the performance of the agreement in some respects but that defendant's defaults were not wilful; that defendant had tendered payment of all delinquencies and that plaintiffs had refused to accept such payments. The court concluded that the defendant was entitled to relief from default; that it should be allowed an opportunity to perform the agreement by depositing in escrow all sums remaining unpaid and certain expenses, plus reasonable attorney's fees; that a judgment should be entered providing, among other things, ''that in the event of the failure of defendant to deposit said sums of money within said period of time, or such further time as the Court may in good cause show and allow, the Court may, upon application of plaintiffs, enter an interlocutory decree herein quieting plaintiffs' title to said real property and pro-

viding for a further hearing to determine the amount of restitution, if any, to be made by plaintiffs to defendant, and to determine and adjudicate all rights, duties and obligations of the parties to this action with relation to or arising from said agreement, and the Court expressly reserves jurisdiction to hear further evidence on such issues and to make and file further Findings of Fact and Conclusions of Law and to enter appropriate judgment thereon.''

An interlocutory judgment and decree was entered in which it was decreed, in part, that defendant deposit certain sums and documents in escrow and ''That in the event of the failure of the defendant to deposit said sums of money within said period of forty-five (45) days hereinbefore specified, or such further time as the Court for good cause may allow, a final decree shall be entered herein quieting plaintiffs' title to said real property, which said judgment shall adjudge the amount of restitution, if any, to be made by plaintiffs to defendant, and shall determine and adjudicate all rights, duties and obligations of the parties to this action with relation to or arising from said agreement of February 26, 1955.''

Defendant deposited certain funds and documents in escrow and gave notice thereof to plaintiffs, who then filed objections to defendant's compliance with the provisions of the judgment. These objections were heard by the court and were overruled. Plaintiffs then appealed from the interlocutory judgment, the order modifying it, and the order overruling the objections to defendant's purported compliance with said judgment.

On January 30, 1959, the defendant Bill Patch Land and Water Company filed in this court a notice of motion to dismiss the appeal on the ground that the interlocutory judgment and decree appealed from is not an appealable judgment. The ruling on this motion was deferred to be considered with the appeal and, after oral argument, the motion and appeal were submitted for decision.

We have concluded that the motion to dismiss the appeal should be granted and it therefore will be unnecessary to pass upon the other points raised on the appeal.

■ Under California procedure there is ordinarily only one final judgment in an action. (*Sjoberg* v. *Hastorf*, 33 Cal. 2d 116, 118 [199 P.2d 668].) ■ In *Meehan* v. *Hopps*, 45 Cal.2d 213, 217 [288 P.2d 267], it was held that ''It has been correctly stated that the general test for determining whether the judgment is final is 'that where no issue is left for future

consideration except the facts of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of a judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' '' (Citing cases.) ▉ In *Solorza* v. *Park Water Co.*, 94 Cal.App.2d 818, 821 [211 P.2d 891], it is said that an interlocutory decree is distinguished from a final decree in that it is not a final and conclusive determination of the rights of the parties, but may be changed or modified as the law and evidence require except in partition or divorce cases.

▉▉ In *Ulrey* v. *Gillett*, 147 Cal.App.2d 621, 623 [305 P.2d 611], it was held that an appeal does not lie from an interlocutory or intermediate order unless it be designated by statute as one of those from which an appeal may be taken; that if an order be in its nature such as to be subject, before enforcement or execution, to further action of the court, either by decree or later order, the order complained of is not final and review must be sought by appeal from the decree or order subsequently entered; and that a judgment is final when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

▉ From the interlocutory decree herein, examined in the light of the rules announced in the foregoing decisions, it appears that further judicial action is required on the part of the trial court to finally determine the rights of the parties. The trial court in its conclusions specifically provided for the entry of a final decree quieting plaintiffs' title to the property involved, under certain circumstances, and provided for further hearing to determine the amount of restitution, if any, to be made by plaintiffs, and to determine and adjudicate all rights, duties and obligations of the parties arising out of their agreement. The decree was designated ''Interlocutory Judgment and Decree'' and while the title of the decree does not determine whether it is a final judgment, it does in some measure indicate the intention of the court. The decree provides that the defendant is relieved from default and is permitted to perform said agreement upon certain terms and conditions thereinafter enumerated, including the deposit in an escrow of bank cashier's checks or certified checks for the payment of taxes on the property involved; the payment on the balance of a deed of trust, the exact amount to be ascertained and determined from said bank; payment to the estate

of Elizabeth Mykrantz on the balance owing on a deed of trust, the exact amount to be confirmed by and with the executor of said estate; payment to plaintiffs of the sum of $28,000, with interest, on a promissory note secured by a deed of trust; payment to plaintiffs of attorney's fees fixed at $14,600; appraiser's fees amounting to $2,250; and costs and expenses. The decree further provided that upon deposit of said sums by defendant, plaintiffs should execute and deliver into said escrow a good and sufficient deed to the property involved, together with other documents there enumerated. It was further provided in said decree that in the event of the failure of said defendants to make said deposits *"a final decree shall be entered herein quieting plaintiffs' title to said real property, which judgment shall adjudge the amount of restitution, if any, to be made by plaintiffs to defendant and shall determine and adjudicate all rights, duties and obligations of the parties to this action with relation to or arising from said agreement of February 26, 1955.* (Italics ours.) Provision was also made for occupancy of the premises by plaintiffs and defendant for a period of six months.

The record indicates that defendant attempted to comply with the terms of the decree and that the plaintiffs are attempting to appeal from an order overruling the objections to defendant's compliance therewith. Further judicial action on the part of the court is necessary to finally determine the rights of the parties in view of the question which has arisen as to the compliance by the parties with the terms of the agreement and the decree, and the trial court's specific decree that a final judgment be entered determining the ultimate rights of the parties under the agreement involved.

The appeal is dismissed.

Griffin, P. J., and Shepard, J., concurred.