## NATIONAL BANK *v.* GRAND LODGE.

An association having issued bonds, some of which were as collateral security in the hands of its creditors, a corporation adopted a resolution whereby it assumed the payment of the bonds, provided that stock was issued to the corporation by the association to the amount of said assumption of payment by said corporation as the said bonds were paid. *Held,* that a holder of the bonds is not in such privity with the corporation, nor has he such interest in the contract between it and the association, as to warrant a suit in his own name to compel the corporation to pay the bonds.

ERROR to the Circuit Court of the United States for the Eastern District of Missouri.

This is an action by the Second National Bank of Saint Louis, Missouri, against the Grand Lodge of Missouri of Free and Accepted Ancient Masons, to compel the payment of certain coupons formerly attached to bonds issued in June, 1869, by the Masonic Hall Association, a corporation existing under the laws of the State of Missouri, in relation to which bonds the Grand Lodge, Oct. 14, 1869, adopted the following resolution : —

" *Resolved,* that this Grand Lodge assume the payment of the two hundred thousand dollars bonds, issued by the Masonic Hall Association, provided that stock is issued to the Grand Lodge by said association to the amount of said assumption of payment by this Grand Lodge, as the said bonds are paid."

The court below instructed the jury, that, independently of the question of the power of the Grand Lodge to pass the resolution, it was no foundation for the present action, and directed a verdict for the defendant.

The jury returned a verdict in accordance with the direction of the court; and judgment having been entered thereon, the plaintiff sued out this writ of error.

*Mr. John C. Orrick* for the plaintiff in error.
*Mr. John D. S. Dryden, contra.*

MR. JUSTICE STRONG delivered the opinion of the court.

It is unnecessary to consider the several assignments of error in detail, for there is an insurmountable difficulty in the way of the plaintiff's recovery.   The resolution of the Grand Lodge

was but a proposition made to the Masonic Hall Association, and, when accepted, the resolution and acceptance constituted at most only an executory contract *inter partes.* It was a contract made for the benefit of the association and of the Grand Lodge, — made that the latter might acquire the ownership of stock of the former, and that the former might obtain relief from its liabilities. The holders of the bonds were not parties to it, and there was no privity between them and the lodge. They may have had an indirect interest in the performance of the undertakings of the parties, as they would have in an agreement by which the lodge should undertake to lend money to the association, or contract to buy its stock to enable it to pay its debts ; but that is a very different thing from the privity necessary to enable them to enforce the contract by suits in their own names. We do not propose to enter at large upon a consideration of the inquiry how far privity of contract between a plaintiff and defendant is necessary to the maintenance of an action of assumpsit. The subject has been much debated, and the decisions are not all reconcilable. No doubt the general rule is that such a privity must exist. But there are confessedly many exceptions to it. One of them, and by far the most frequent one, is the case where, under a contract between two persons, assets have come to the promisor's hands or under his control which in equity belong to a third person. In such a case it is held that the third person may sue in his own name. But then the suit is founded rather on the implied undertaking the law raises from the possession of the assets, than on the express promise. Another exception is where the plaintiff is the beneficiary solely interested in the promise, as where one person contracts with another to pay money or deliver some valuable thing to a third. But where a debt already exists from one person to another, a promise by a third person to pay such debt being primarily for the benefit of the original debtor, and to relieve him from liability to pay it (there being no novation), he has a right of action against the promisor for his own indemnity ; and if the original creditor can also sue, the promisor would be liable to two separate actions, and therefore the rule is that the original creditor cannot sue. His case is not an exception from the general rule that privity

of contract is required. There are some other exceptions recognized, but they are unimportant now. The plaintiff's case is within none of them. Nor is he sole beneficiary of the contract between the association and the Grand Lodge. The contract was made, as we have said, for the benefit of the association, and if enforceable at all, is enforceable by it. That the several bondholders of the association are not in a situation to sue upon it is apparent on its face. Even as between the association and the Grand Lodge, the latter was not bound to pay any thing, except so far as stock of the former was delivered or tendered to it. The promise to pay and the promise to deliver the stock were not independent of each other. They were concurrent and dependent. Of this there can be no doubt. The resolution of the lodge was to assume the payment of the two hundred thousand dollar bonds, issued by the association, "*Provided*, that stock is issued to the Grand Lodge by said association to the amount of said assumption," . . . "as said bonds are paid." Certainly the obligation of the lodge was made contingent upon the issue of the stock, and the consideration for payment of the debt to the bondholders was the receipt of the stock. But the bondholders can neither deliver it nor tender it; nor can they compel the association to deliver it. If they can sue upon the contract, and enforce payment by the Grand Lodge of the bonds, the contract is wholly changed, and the lodge is compelled to pay whether it gets the stock or not. To this it cannot be presumed the lodge would ever have agreed. It is manifest, therefore, that the bondholders of the association are not in such privity with the lodge, and have no such interest in the contract, as to warrant their bringing suit in their own names.

Hence the present action cannot be sustained, and the Circuit Court correctly directed a verdict for the defendant.

*Judgment affirmed.*