McCrary, C. J.
First—The allegations of the bill, taken as true, show that complainants are entitled to a decree of foreclosure, as prayed.
Second—If the bill, fairly construed, charges that respondents, Metcalf and associates, who purchased the stock of the Gas Company, have in their hands a fund set apart by agreement as a trust fund, to be paid to complainants on account of the sum due on their bonds and mortgages, then a court of equity has jurisdiction to compel said Metcalf and associates ,to make such payment to the extent of the funds so in their hands.
If, however, the allegation is that the said Metcalf and associates agreed with Connor & Son to pay the sum due on the bonds’ of complainants, as a part of the purchase price of said stock, then the bill is demurrable, upon the ground that there is no privity of contract between Metcalf and associates on the one side, and the complainants on the other. National Bank v. Grand Lodge, 98 U. S., 123.
The allegations of the bill are not as clear and distinct as they should be, and it is, therefore, not surprising that counsel should differ as to whether the creation of a trust fund for complainants’ benefit, or the assumption of a debt is alleged. If the complainants intend to rely upon the claim stated in their brief, that Metcalf and associates received from Connor & Son a sum certain to be held in trust for the use of complainants, they should so allege with distinctness and certainty. It is not sufficient to allege this as a conclusion arising from the fact that said Metcalf and associates retained from the price of the stock a sum sufficient to discharge the debts of the Gas Company, including the bonds now in suit. The conclusion would result from this, not that Metcalf and associates became trustees, but that they became liable to answer to Connor & Son, in damages, upon their failure to pay the bonds and dis *285 charge the mortgage. As the bill stands, it does not sufficiently charge that Metcalf and associates hold in their hands a fund that is, in equity, the property of complainants. They stand under the allegations of the bill in a contract relation to Connor & Son, and not in the relation of trustees for complainants. It is not alleged that any particular sum of money was placed as a trust fund in their hands to be paid by them to complainants, or to the bondholders. The allegation, in substance, is, that they owed Connor & Son $43,000 for stock purchased, and that they did not pay the whole debt, but paid that sum less the sum retained to meet the debts of the Gas Company, including the debts now held by complainants. This is the fact alleged. The conclusion derived by the pleader from this fact is, that the balance of the said agreed price remained in the hands of Metcalf and associates, a trust fund from which to discharge the said indebtedness of the Gas Company. I understand this allegation to mean that the portion of the purchase price of the stock not paid over, and which was retained by Metcalf to meet the debts of the Gas Company, became, as a matter of law, a trust fund in their hands, for which complainants are entitled to proceed against them. It has never, so far as I know, been held, and I think it cannot be maintained upon sound principles, that, where the vendee of property assumes the payment of indebtedness due from the vendor to a stranger, and deducts the amount thereof from the purchase price, he thereby becomes a trustee for such stranger for the amount of such indebtedness. To make him a trustee, there must be a deposit with him of a sum of money, to be held by him for the creditor, or an express agreement on his part to assume the duties and the responsibilities of a trustee. There is no resulting trust in such a case as this.
Thwd—The plea of the statute of limitations must be overruled. The bonds sued on were not due until 1882, and the fact that the failure to pay the coupons within six months from maturity gave the bondholder the option to sue for both principal and interest, did not of itself cause the bonds to mature at the date of such default, or at the expiration of said six months, so as to cause the statute of limitations to begin to run.
S. H. Calhoun, for complainants.
J. M. Woolworth and C. W. Seymour, for respondents.
Fourth—The fact that one of the complainants is a citizen of Nebraska does not present a question of jurisdiction which would go to the whole case, and which can be raised upon demurrer to the whole bill. If, upon further argument and consideration at the final trial, the Court shall be of the opinion that complainant Sweet cannot recover because of his citizenship, the bill as to him may be dismissed without prejudice.
Fifth—The view above expressed with regard to so much of the bill as seeks relief against respondents Metcalf and associates, renders it unnecessary to consider the question whether the bill is multifarious. The demurrer of Metcalf and associates, in so far as it raises the question that there is no privity of contract between the complainants and the said Metcalf and associates, is sustained. In other respects the demurrer is overruled.