## SMITH v. BOWKER TORREY CO.

### In re CROWELL.

(District Court, D. Massachusetts. September 24, 1913.)

No. 176 (C. C. 725).

**1. CORPORATIONS (§ 565*)—INSOLVENCY—CLAIMS PROVABLE.**

Where partners indebted to claimant on a note transferred a part of the partnership assets to a corporation which the partners controlled, in consideration of a specified amount of full-paid stock of the corporation equal to their valuation of the assets transferred, the corporation agreeing to pay the partnership debts and to save the partners harmless therefrom, there being no claim of novation, nor that claimant could not obtain payment by enforcing the liability of the partners, he was not entitled to prove his debt as a claim against the corporation's assets in insolvency, on the ground that he was entitled to subrogation to the rights of the partners against the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2281, 2282; Dec. Dig. § 565.*]

**2. CORPORATIONS (§ 30*)—PURCHASE OF PARTNERSHIP ASSETS—ASSUMPTION OF PARTNERSHIP DEBTS—CONSIDERATION.**

A partnership, owning a large amount of real and personal property, being desirous of withdrawing the real estate from the firm, organized a corporation, which they dominated, and, having determined that the value of the firm's personalty was $249,700, as directors of the corporation voted to purchase the personal property of the firm from themselves, as members thereof, in consideration of a transfer to themselves, as members of the firm, of 2,497 shares of the capital stock of the corporation, full-paid and nonassessable. In carrying the transaction into effect, they also voted, as directors of the corporation, to assume and pay all indebtedness of the firm, and to hold it and its surviving partner or partners and the estate of a deceased partner and the trustee or executor thereof harmless and fully indemnified from all liability in connection therewith. *Held*, that such assumption by the corporation of the debts of the firm was without consideration, and was not enforceable as against the corporation's assets in insolvency by one of the firm's creditors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 97–100; Dec. Dig. § 30.*]

Claim of Warner R. Crowell against the insolvent estate of the Bowker Torrey Company, to the allowance of which Albert O. Smith, conservator, and others, filed objections. Objections sustained.

See, also, 199 Fed. 985.

Sherman L. Whipple, of Boston, Mass., for claimant.

John B. Sullivan, Jr., and Paul Dudley Dean, both of Boston, Mass., for receiver.

BROWN, District Judge. The claimant seeks to charge the corporation, the Bowker Torrey Company, with the debt of a copartnership whose business was taken over by the corporation. The claim is based upon a promissory note dated February 1, 1904, for $10,000, with interest at 5 per cent., payable semiannually, signed by Bowker, Torrey & Company, a copartnership, payable to the order of Torreys & Company, a copartnership; by Torreys & Company indorsed to

Julia S. Torrey, or order; and by Julia S. Torrey and Torreys & Company to Crowell, the present claimant.

By an instrument in writing (Exhibit No. 2), signed and sealed by members of the firm of Bowker, Torrey & Company, it was provided, on the one hand, that the firm of Bowker, Torrey & Company would sell to the Bowker Torrey Company, a corporation, their entire stock in trade, good will, and other personal assets, and, on the other hand, that on receipt of a bill of sale transferring full title to the personal property the Bowker Torrey Company, a corporation, would transfer to the members of the firm of Bowker, Torrey & Company, 2,497 shares of the stock of the corporation at par, full-paid and nonassessable. By this document the persons signing it assume, as individuals, to contract both for themselves and for the corporation.

It is apparent from this document that the purpose of the parties was to transfer the business and personal assets of the copartnership to a corporation and to receive the shares of the corporation in payment therefor.

Another instrument in writing purports to convey to the corporation the personal assets, in consideration of the transfer of 2,497 shares of the corporation.

At this time the copartnership had real estate valued at about $300,-000, which was reserved by the copartners and did not become an asset of the corporation.

At a meeting of the directors of said corporation held July 29th the offer was presented to the directors and a copy· spread upon the minutes. It was voted that the property described in the written offer was necessary for the business of the corporation, that in the judgment of the board of directors the value of said property equalled the sum of $249,700, that said offer should be accepted, and that the corporation should issue in full payment of the purchase of the property described 2,497 shares of the capital stock, full-paid and nonassessable.

The following record was also made:

"It is also voted unanimously that, in accepting the transfer of all the personal property, assets, and rights of the late firm of Bowker, Torrey & Company, the new corporation assumes and agrees to pay all indebtedness of the late firm, and hold the said firm, its surviving partner or partners, and the estate of the partner or partners and the trustee or executor thereof, harmless and fully indemnified from all liability connected therewith."

It is quite evident that the parties in interest were acting both as members of the firm and as officers of the corporation, and that the valuation was not fixed by buyer and seller acting in separate and opposing interests, but was a valuation adopted more or less arbitrarily and largely as a matter of form.

The claimant, Crowell, denies that there was any agreement by the holder of the note of the copartnership to release the copartnership and accept the corporation as the sole debtor. On the contrary, he makes proof of claim against the corporation, stating that he does so "without waiving any rights which he may have against the copartnership of Bowker, Torrey & Company, or the members thereof."

Furthermore, it is in evidence that Crowell has instituted in the state courts suits at law and in equity against the surviving partners of the firm of Bowker, Torrey & Company upon this note, and has attached the real estate of the copartners. In other words, it appears that the claimant, Crowell, is now asserting the right to seek satisfaction of his claim both from the real estate of the copartnership and the personal assets of the corporation. In his verification of claim is this statement:

"Your petitioner makes this claim against the corporation of the Bowker Torrey Company upon the note executed by the partnership of Bowker, Torrey & Company for the reason that said corporation received certain money, accounts receivable, and other assets of the partnership of Bowker, Torrey & Company, with which to pay the debts of said copartnership, and agreed to pay the same, and has therefore received said assets of the copartnership, and holds said assets and other proceeds to and for the use of the creditors of the said copartnership existing at the time of said transfer, etc., one of which debts is evidenced by the note in question."

It is in evidence that interest was paid by the corporation on the note from August 1, 1905, to February 1, 1910. As the claimant, however, denies that there was any novation, and asserts the right to hold the assets of both copartnership and corporation, and as counsel for the receiver also denies the sufficiency of the evidence to show a novation, we may accept the contention of both parties, and hold that there was no novation.

Counsel for the receiver, in the interest of creditors of the corporation, denies that upon the evidence there was any consideration for an agreement by the corporation to assume the indebtedness of the copartnership. It was doubtless a part of the arrangement between the copartners that they should act on the one side as a copartnership selling personal property and on the other side as a corporation buying the personal property, and that as a corporation they should continue the business and should relieve themselves as copartners and the copartnership real estate from the claims of creditors.

So far as the note in question is concerned, this they have failed to do.

The claimant asserts an equitable claim upon the assets of the corporation, and bases his case upon Forbes v. Thorpe, 209 Mass. 570. His brief states:

"This contract between the partnership and the corporation being made by the partnership for the benefit of its creditors, the latter may enforce in equity the rights of the copartners to compel the corporation to perform its agreement in this regard."

He contends, also, that in the event of his recovery of a judgment against the surviving partners of the firm they would be entitled to hold the corporation on its contract to assume the liabilities of the partnership, and that the claimant, Crowell, is entitled to be subrogated to the claim which the surviving partners might have against the corporate assets.

[1] Upon the theory of a right to be subrogated to any claim which the surviving partners of Bowker, Torrey & Company might have against the corporation, the claimant stands on most doubtful ground.

Before the formation of the corporation, the copartnership was amply solvent. By the continuance of the business in a corporate form, with the withdrawal of all the real estate, the financial standing of the business was greatly impaired.

The corporate record to the effect that, in the judgment of the board of directors, the value of the property equalled the sum of $249,-700, and that full-paid stock be issued to a like amount, is, as counsel for the receiver and creditors contends, inconsistent with the theory that there was any consideration for assuming the debts. The question how far a person who is not a party to an agreement made for his benefit may be entitled to enforce that contract, either at law or in equity, is based upon various theories. In the case of Urquhart v. Brayton, 12 R. I. 169, it was based on the ground of novation. The present claim cannot rest upon that ground. There is also difficulty in basing it upon the ground of a trust fund received for the payment of debts.

Looking to the substance of the matter, the agreement between the corporation, all of whose stock was held by the copartners, and the copartners, is primarily a matter of form. Their agreement in the form of a corporation to pay their own debts as copartners, and in the form of a corporation to hold themselves harmless against their copartnership debts, does not seem to give rise to any substantial equities of the copartners against the corporation. In the absence of any allegation of the claimant that he is unable to obtain satisfaction from the copartners by suit at law, or that the copartners who made the note are without assets to pay it, his case is lacking in the elements which are ordinarily essential to a creditors' bill to follow equitable assets. The claimant apparently has no interest in the exoneration of the copartners from the payment of the note, and if there be any sort of equitable claim of the copartnership upon the corporation, which is, to say the least, most doubtful, there appears no reason why this claimant should be permitted to follow such equitable assets of the copartnership, when he may resort to the copartnership real estate or to the individual liability of the copartners.

There seems little equity in the claim that the corporate assets available for part payment of the creditors of the corporation should be diminished by the amount of a dividend upon this note of the partnership, and that the liability of the copartners should to this extent be shifted from their shoulders and put upon the corporation.

The argument of the receiver, that upon the evidence afforded by the corporate records and the documents there was no consideration for the assumption by the corporation of the liabilities of the copartnership, is entitled to weight which it might not have, perhaps, in a case where the copartnership and the corporation were composed of different persons acting in different interests. Such a vote of a corporation contemporaneous with the offer and acceptance might, in the case of a contract between adversary parties, be regarded as evidence tending to show that the assumption of debts was part of the consideration for the purchase of assets; but in this case, where the same parties appear in different legal forms upon both sides of the transaction,

it is but just that we should strictly interpret the records that they have made.

The real intention of the copartners was to set aside their real estate, to go on in business under a corporate form with their personal estate as capital, and to satisfy the creditors out of that personal estate or from the profits of the business.

While it is doubtful if it can be said that the transaction was in fraud of creditors, since sufficient assets seem to have been withheld and retained for the full payment of the copartnership debts, yet there is nothing in the division by the copartners of their property into two parts, real and personal, and their agreement to pay these debts out of their personal assets, which gives them an equity, if compelled to satisfy a judgment out of their real estate, to resort to the corporate funds for reimbursement at the expense of creditors of the corporation.

Under such circumstances we must look strictly to the documents constituting this artificial arrangement of the same interests on two sides of the transaction.

[2] The written offer, as made by the copartners, does not require or provide for the payment of debts. The corporation accepts this offer and issues its stock in payment at its own valuation of the assets. The argument that there remains no consideration for the assumption of debts seems sound, and the vote of the corporation to assume the debts is made as a voluntary act, being no part of the purchase of the copartnership assets, or, if it can be held to be an agreement, an agreement without consideration.

The present case differs in substantial particulars from the case of Forbes v. Thorpe, 209 Mass. 570, 95 N. E. 955. In the present case there was no express agreement to assume and pay debts as a part of the consideration for the transfer. Neither the offer, the vote of acceptance, nor the bill of sale contains any reference to the payment of debts, or in terms makes this a part of the consideration, nor can this be implied from the circumstances. The acceptance was on the ground that the value of the property received was $249,700, and that full payment should be made by the issue of stock. The vote, as we have said, imposed no further liability upon the corporation, and gave the copartners no further equity in its assets. The issue of fully paid stock satisfied the specified consideration.

The assumption of liabilities is a piece of inconsistency in the corporate record; such inconsistency as is not unlikely to occur where the arrangement is fictional, rather than corresponding to the true intent of parties with opposing interests. Proceeding upon the theory that all that the corporation received it paid for in stock, it follows that the corporation received no consideration for its assumption of debts.

In Forbes v. Thorpe all the assets of the partnership were conveyed to a trustee upon express condition, and the court found that, but for the agreement of the corporation to pay debts, the conveyance would have been a fraud upon the firm and creditors. The obligation to pay debts was made upon a valuable consideration, and the transaction

between parties having opposing interests was real, and not fictitious. The facts are so substantially different from the facts in the present case that the case is not controlling.

Counsel for the receiver cites, also, Robb v. Mudge, 14 Gray (Mass.) 534; Howe v. Lawrence, 9 Cush. (Mass.) 553, 57 Am. Dec. 68; Harmon v. Clark, 13 Gray (Mass.) 131; National Bank v. Grand Lodge, 98 U. S. 123, 25 L. Ed. 75; Clare v. Hatch, 180 Mass. 96, 62 N. E. 250; Griffin v. Cunningham, 183 Mass. 585, 67 N. E. 660; Anthony v. Campbell, 112 Fed. 212, 50 C. C. A. 195; Reynolds v. New York Trust Co., 188 Fed. 611, 110 C. C. A. 409, 39 L. R. A. (N. S.) 391.

Counsel for the claimant relies upon Forbes v. Thorpe, 209 Mass. 570, 582, 95 N. E. 955, and Pennsylvania Steel Co. v. N. Y. C. Ry., 198 Fed. 721, 749, 117 C. C. A. 503.

Upon the whole, I am of the opinion that the receiver's disallowance of the claim was right. The claim was presented as an equitable claim. The claimant has not shown that at law he is without a remedy against the makers of the note, or that they are without assets to satisfy a judgment, and has failed to show any necessity for resorting to equitable assets, or to rights of his debtors against the corporation, in order to obtain payment of the note. He has no apparent interest in contending that the copartners should be wholly or partly exonerated from their direct obligation to pay the note, and it is not shown that the copartners themselves have asserted in these proceedings such a right to be exonerated from payment of their copartnership debts.

He has also failed, in my opinion, to show that the copartners have in fact any equitable claim upon the assets of the corporation which could avail him by way of subrogation. These grounds are sufficient, in my opinion, to justify the disallowance.

There is a further question whether the claimant can consistently claim the benefit of the corporate vote to pay the debts and to hold the firm and partners harmless against them, without electing to accept the obligation of the corporation in lieu of his claim against the copartners. The vote is in effect to substitute the corporation as debtor in discharge of the firm. It is doubtful if the claimant can consistently claim to hold both the original debtor and a debtor who was intended to be, not a surety, nor an additional debtor, but a substituted debtor. His denial that there is a novation, or that he will accept the corporation in lieu of the debtor, might be taken as a refusal to accept the corporation's entire undertaking as expressed in the whole of the vote. In view of our previous findings, however, it is not necessary to so decide.

The claim is disallowed, and an order to that effect may be entered.